CASE 90—ACTION ON PROMISSORY NOTE—FEB. 17.

# Traders Deposit Bank, Etc. v. Henry, Etc.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

INSTRUCTIONS—WRITTEN.—It is error to refuse to instruct the jury in writing when either party so requests.

THOMAS JONES BIGSTAFF, FOR APPELLANT.

1. It was error to overrule plaintiff's demurrer to the answer. The promise of Davis, if any was made, was not in writing. Ky. Stat., sec. 470-4.
2. The court erred in overruling plaintiff's motion to strike from the answer the averment that Thompson agreed to release defendants. It is not alleged that Thompson was acting for the bank. Morse on Banks and Banking, vol. 1, sec. 144.
3. It was error to permit filing of amended answer changing the issue. The amended answer does not allege a defense, especially it does not show that defendants signed their names as sureties to the notes due upon relying upon the fact that Amos Davis should sign it as principal. Smith v. Board of Supervisors, 59 Ill., 412; Sackett's Instructions to Juries, sec. 2, p. 83; Adams v. Johnson's Exr., 11 Ky. Law Rep., 137.
4. Plaintiff moved to elect which of the two defenses set up by defendants they would rely on, which motion the court overruled.
5. It was error to refuse to instruct the jury in writing. Civil Code, sec. 317-5; Ferguson v. Fox's Admr., 1 Met., 83.

6 The verdict of the jury is not sustained by sufficient evidence
    and is contrary to law.

No appearance for appellee.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Upon the conclusion of the evidence in this case the
court instructed the jury by word of mouth. The plain-
tiff requested the court to instruct them in writing, but
this the court refused to do; and, the jury having found
against the plaintiff, he assigned this as ground for a new
trial, which having been refused by the court he prose-
cutes this appeal.

The Code of 1854 contained this provision (section
347): "When the evidence is concluded, either party may
request instructions to the jury on points of law, which
shall be given or refused by the court; which instructions
shall be reduced to writing."

In Ferguson v. Fox's Adm'r, 1 Metc. (Ky.), 86,
this court held, under this provision, that the fail-
ure of the court to reduce the instructions to
writing when required by either party was an er-
ror sufficient to reverse the judgment, and gave the fol-
lowing reasons for this instruction: "The exact import
of an instruction can be better comprehended when it has
been reduced to writing than it can be when given orally.
The controversies which sometimes arise after the trial
with respect to the precise nature and extent of the verbal
instructions which were given will be avoided by having
them reduced to writing. The rights of the parties will
also be more effectually secured, and the ends of justice
better promoted, by having it done." It was the settled
practice under that Code to reduce the instructions to
writing when required by either party. While this was
the practice the Code of 1877 was adopted, which, as

amended, makes this provision (section 317, subsection 5): "when the evidence is concluded, but before the argument to the jury, either party may require the court to direct the jury to find a separate general verdict with the general verdict, if a general verdict be required either party may ask written instructions to the jury on points of law, which shall be given or refused by the court before the commencement of the argument to the jury."

It will be observed that in this statute the words, "either party may ask written instructions to the jury on points of law, which shall be given or refused by the court," are substituted for the following words in the corresponding section in the former Code: "Either party may request instructions to the jury on points of law, which shall be given or refused by the court; which instructions shall be reduced in writing." The sense of the two expressions is evidently the same; the only object of the change in phraseology appears to have been to shorten the expression. The old rule being well understood, it will not be presumed that the Legislature intended to change it upon doubtful intendment. It will be observed that only "written instructions to the jury on points of law" are authorized by the provision quoted, and these are required to be given before the commencement of the argument to the jury. It was clearly intended that all the instructions should be given before the commencement of the argument, and, if the section allows oral instructions at all, there is no limitation of time as to when they may be given. Every reason requiring the instructions asked by the parties to be put in writing applies with equal force to instructions given by the court itself. It is a well-known matter of history in this State that the old practice obtaining before the adoption of the Code,

of charging the jury orally, was unsatisfactory, and that it was one of the objects in the adoption of the Code to abolish oral instructions to the jury, and require all instructions to be in writing. There is nothing in the provision quoted to show that the Legislature intended to change the rule again, and go back to the old system.

In Cook v. Meacham, 7 Ky. Law Rep., 836, and Vanmeter v. True, 16 Ky. Law Rep., 320, the Superior Court, in two well-considered opinions, held it error to give oral instructions under the present Code, when objected to; and it seems to us that this is a sound and salutary rule, which ought not now be departed from. We see no other error in the record, but for these reasons the judgment is reversed, and the cause remanded, with directions to the lower court to grant appellant a new trial.