CASE 86.—ACTION BY J. B. DAVIS AGAINST THE WEST
KENTUCKY COAL COMPANY.—June 8, 1910.

# West Kentucky Coal Co. v. Davis.

J. W. HENSON, Circuit Judge.

Appeal from Union Circuit Court.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Master and Servant—Private Railroads—Liability of Employer.—The liability of a mining company for injury to an employe caused in the operation of a railroad in connection with the mine is governed by the rules applying to ordinary railroads.

2. Master and Servant—Railroads—Employes Near Track—Employer's Duty.—Employes in charge of a locomotive and cars were bound to keep a lookout for an employe working near the track, and to give reasonable warning of the approach by blowing the whistle and ringing the bell.

3.' Master and Servant—Railroads—Employes Near Track—Negligence—Duty.—An employe working near a railway track was bound to use ordinary care to discover an approaching locomotive, and get out of its way.

4. Master and Servant—Railroads—Employe Near Track—Negligence—Jury Question.—In an action for injury to an employe struck by a train while at work near a track, whether the company was negligent held, under the evidence a jury question.

5. Master and Servant—Railroads—Employe Near Track—Contributory Negligence—Jury Question.—In an action for injury to an employe struck by a train while at work near a track, whether plaintiff was guilty of contributory ,negligence held, under the evidence, a question for the jury.

6. Trial—Question for Jury— Instructions.— In an action against an employer for injury to an employe struck by moving cars, instructions that it was the en-

gineer's duty to use ordinary care to prevent injuring employes; that if the employes in charge of the engine and cars did not use such care, and plaintiff was injured while using ordinary care, he could recover a specified amount of damages; and that plaintiff was bound to use ordinary care for his own safety; and that, though the engineer was negligent, if but for plaintiff's own negligence the injury would not have occurred, he could not recover—were improper, as being so general and abstract as to make the jury the judges of both the law and facts.

7.   Master and Servant—Railroads—Negligence.—An employer was not negligent in failing to equip a coal car which struck an employe with a fender or pilot.

8.   Trial—Instructions—Duty of Court.—A trial court need give such instructions only as are offered by the parties, but, if an instruction offered is defective in form or substance, the court should prepare or direct the preparation of a proper instruction on the point attempted to be proved, and, when no instructions are requested, instructions given on the court's own motion must state the law correctly so far as they go.

9.   Master and Servant—Railroads—Injury to Employe—Contributory Negligence.—An employe cannot recover for injury caused by being struck by a train, though the employes in charge of it failed to give reasonable warning of its approach, and failed to keep a reasonable lookout, if the injury would not have occurred but for the injured employe's failure to use ordinary care to discover the train's approach, and to keep out of its way.

10.   Master and Servant—Railroads—Injured Employe—Liability.—If a reasonable lookout on a train was kept and reasonable warning of its approach was given, and an employe went upon the track so close to the approaching train that injury to him could not be avoided by the use of ordinary care by those in charge of the train after they perceived his peril, or could have perceived it in using ordinary care, the employer is not liable.

11.   Negligence—"Reasonable or Ordinary Care."—Reasonable or ordinary care is such care as an ordinarily prudent person will usually use under circumstances the same or similar to those proven in a particular case.

12.   Damages—Personal Injury—Judgment—Elements.— An employe negligently injured is entitled to damages fairly compensating him for his mental or physical suffering, loss of

time and permanent impairment of money-earning power proximately resulting from the injury, not exceeding the amount claimed in his petition.

CLAY & CLAY and H. D. ALLEN for appellant.

GEORGE S. WILSON and P. B. MILLER for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellee, J. B. Davis, instituted this action against appellant, West Kentucky Coal Company, to recover damages for personal injuries alleged to have been caused by appellant's negligence. The trial in the lower court resulted in a verdict and judgment in favor of appellee for the sum of $1,600. To reverse that judgment this appeal is prosecuted.

The appellant is a corporation operating a coal mine near the town of Sturgis, Union county, Ky. It also owns and operates a mine at Wheatcroft, and at one or two other places. In connection with these mines it owns and operates a railroad. Under appellant's tipple, there are three railroad tracks upon which cars are transported and placed for the purpose of loading. These tracks are known as tracks Nos. 1, 2, and 3. The engine which appellant operates was taken daily down track No. 1 to the scale-house; thence it was run up track No. 2 to the tipple for the purpose of coaling before beginning its regular operations for the day. On the occasion in question, those in charge of the engine backed it down to the scale-house on track No. 1; thence up track No. 2, where appellee was at work at the tipple. It was appellee's duty to check the cars, and see that they were properly loaded. When the engine arrived at the tipple, it

pushed the car which appellee was loading out of the
way, placed its tender upon the tipple, and received
its coal.  It then went back, placed a partially loaded
car in position, and proceeded to the scale-house.  It
was standing there when appellee resumed his labors
of loading the car on track No. 2.  According to its
usual custom, the engine then started up track No. 1,
pushing an empty car.  While it was proceeding in
the direction of appellee, the car which the  latter
was loading on track No. 2 became unmanageable.
When this took place, appellee's assistant jumped
upon the car for the purpose of stopping it.  Appel-
lee stepped back and moved up the track for the pur-
pose of notifying the tipple men to stop the machin-
cry.   There was a distance of four or five feet be-
tween tracks No. 1 and No. 2. . When appellee rose up
and stepped backward to give the tipple man the re-
quired notice, he came in contact with the car which
was being pushed by the engine up track No. 1, and
was injured.  The evidence shows that there was a
flagman on the front end of the car that was being
pushed by the engine.  His testimony is to the effect
that appellee backed into the car so suddenly that it
was impossible to stop the train after his peril was
discovered.  There was evidence to the effect that the
whistle was not blown nor the bell rung as the engine
approached the place of accident.

It is insisted by appellant that the court should
have given a peremptory instruction in its favor.  In
this connection it is argued that appellee knew that
the engine would return; that it was therefore his
duty to be on the lookout for it; that, knowing that ap-
pellee was at work on track No. 2, appellant's agents
had a right to presume that he would remain near
that track, and would not get near enough to track

No. 1 to be injured; that under the circumstances, therefore, it owed appellee no duty except to keep a reasonable lookout to discover his peril and to use ordinary care to avoid injuring him after his peril should have been discovered. It is claimed that the railroad was not a common carrier, but was operated for the sole benefit of appellant; that, when appellee entered its employ, he assumed the ordinary risks incident to the business, and one of these risks was that of being struck by a train in case he happened to get upon a track where his presence was not to be anticipated. We see no reason why the same rule applying to ordinary railroads should not apply to a railroad like that operated by appellant. The latter's agents knew that appellee was working near the track upon which the engine was proceeding. It was appellee's duty to see that cars were properly placed under the tipple, loaded and moved away. In the performance of this duty, he was necessarily brought in close proximity to the adjacent tracks. All three tracks were sufficiently close to make the approach of a train necessarily dangerous. A step or two in one direction or another might bring appellee in contact with the train if he had no notice of its approach. Under these circumstances, we conclude that it was the duty of appellant's agents to keep a reasonable lookout and to give reasonable warning of the approach of the engine and cars by blowing the whistle or ringing the bell. Nor can we say as a matter of law that appellee was guilty of contributory negligence. True, he knew that the engine would return, but he did not know the exact time of its return, as the engine had no regular schedule. While it was his duty to use ordinary care to discover the approach of the engine and keep out of its way, this duty must be considered

in the light of the work at which he was engaged and of the emergency which existed at the time he was injured. The facts of this case are very similar to the facts in the case of C. & O. Ry. Co. v. McCoy, 112 S. W. 1105. There it was held that the question was one for the jury. For the same reason, we conclude that it was proper to submit the question of appellant's negligence and of appellee's contributory negligence to the jury.

The next question is whether or not these issues were properly submitted to the jury.

The instructions complained of are as follows:

"(1) Gentlemen of the jury, the court instructs you that it was the duty of the defendant's employe in charge of the engine and cars attached thereto at the time and place in question to exercise ordinary care, as hereinafter defined, in running and operating the same so as to prevent injury to its employes; so, if you shall believe from the evidence that defendant's said employes in charge of said engine and cars failed to exercise such care as above required, but negligently ran said cars against the plaintiff, thereby injuring him, while plaintiff was exercising ordinary care, as hereinafter defined, for his own safety, if he was then doing so, then in that event you should find for the plaintiff and award to him such an amount in damages as will fairly and reasonably compensate him on account of any mental and physical suffering endured by him as a direct result of such injury, if any, and also for the reasonable value of the time necessarily lost from his business on account thereof, if any, and also for any permanent reduction in his power to earn money, if any, as was the direct result of such injury, not exceeding the sum of $2,000, the amount claimed in the petition. But,

West Kentucky Coal Co. v. Davis.

unless you shall so find and believe from the evidence as above required, you must find for the defendant.''

"(4) The court further instructs you that it was likewise the duty of the plaintiff performing his duties and doing the work in question to exercise ordinary care for his own safety, and, although you may believe from the evidence that the defendant's said employe was at said time negligent and careless, yet if you shall also believe from the evidence that plaintiff at said time when he was injured was also careless or negligent, and that but for his own carelessness or negligence the accident and injury would not have occurred, then in that event you should find for the defendant.''

It will be observed that the instructions complained of do not present to the jury the reciprocal duties of appellant and appellee. They are so general and abstract in form as to make the jury the judges of both the law and the facts. Smith v. Cornett, 38 S. W. 689, 18 Ky. Law Rep. 818; C. N. O. & T. P. Ry. Co. v. Hill's Adm'r, 89 S. W. 523, 28 Ky. Law Rep. 530. The jury may have concluded that certain acts constitute negligence, when, as a matter of fact, such was not the case. That this conclusion is sound may be gathered from the fact that one witness was permitted to testify that the car which struck appellee was not equipped with a fender or pilot; indeed, much stress is laid upon this fact in appellee's brief. Doubtless it was commented upon by counsel in their argument to the jury. We can not, then, say that the jury were not influenced by this fact in returning a verdict in favor of appellee. Certainly the failure of appellant to equip the car in question with a fender or pilot was not negligence. To so hold would be to impose upon appellant a greater liability than has ever been im-

posed upon ordinary railroads, and would almost defeat the practical operation of its engines and cars.

Nor do we think the failure of appellant to offer more specific instructions than those given deprived it of its right to complain. The rule is that in civil cases the court is only required to give such instructions as are offered by the parties. If, however, an instruction offered is defective in form or substance, the court should prepare, or direct the preparation of a proper instruction on the point attempted to be covered by the instruction offered. L. & N. R. R. Co. v. Harrod, 115 Ky. 877, 75 S. W. 233, 25 Ky. Law Rep. 250; Nicola Bros. v. Hurst, 88 S. W. 1081, 28 Ky. Law Rep. 87.

But when no instructions are requested by either party, and the court on its own motion undertakes to instruct the jury, the instructions so far as they go should present correctly the law of the case. South Covington & Cincinnati Street Ry. Co. v. Core, 96 S. W. 562, 29 Ky. Law Rep. 836; Swope v. Schafer, 4 S. W. 300, 9 Ky. Law Rep. 160; Turner, Jr., v. Terrill, 97 S. W. 396, 30 Ky. Law Rep. 89.

Upon the next trial of the case the court will instruct the jury as follows:

"It was the duty of the defendant's agents in charge of its engine and cars on the occasion in question to give reasonable warning of the approach of the train by blowing the whistle or ringing the bell, and to keep a reasonable lookout in front of the train as it was moved. It was the duty of the plaintiff to exercise reasonable care to watch for the approaching train and keep out of its way. If you believe from the evidence that a reasonable warning of the approach of the train was not given or a reasonable lookout was not kept, and that by reason of this plain-

tiff was struck and injured by one of, defendant's cars, while exercising ordinary care for his own safety, you will find for the plaintiff. Unless you so believe, you will find for the defendant.

"(2) Although you may believe from the evidence that defendant's agents in charge of said train failed 'o give reasonable warning of its approach and failed 'o keep a reasonable lookout, yet if you believe from the evidence that the plaintiff himself failed to exercise ordinary care to discover the approach of the train and to keep out of its way, and that such failure on his part, if any, so contributed to his injury that but for said failure his injury, if any, would not have been received, you will find for defendant. .

"(3) If you believe from the evidence that a reasonable lookout was kept, and that reasonable warning of the approach of the train was given, and that plaintiff went upon the track so close to the approaching train that the injury to him could not be avoided by the exercise of ordinary care upon the part of those in charge of the train after they perceived his danger, or could have perceived it by the exercise of ordinary care, you will find for the defendant.

"(4) Reasonable or ordinary care is such care as an ordinarily prudent person will usually exercise under circumstances the same or similar to those proven in this case.

"(5) If you find for the plaintiff, you will award him such sum in damages as you may believe from the evidence will fairly compensate him for his mental or physical suffering, if any; for his loss of time, if any; and for the permanent impairment, if any, of his power to earn money, which you may believe from the evidence was the proximate result of his injury, if

any; not exceeding in all, however, the sum of $2,-000."

No other instructions will be given.

The judgment is reversed, and cause remanded for a new trial consistent with this opinion.