## Louisville Bridge Company v. Iring.

(Decided May 28, 1918.)

Appeal from Jefferson Circuit Court
Common Pleas Branch, Fourth Division).

1.  Railroads—Bridge Company—Crossing Accident — Negligence—
    Question for Jury.—In an action for personal injuries alleged to
    have resulted from contact with a crossing gate maintained by
    a bridge company, evidence examined and held to make a ques-
    tion for the jury whether defendant's negligence was the proxi-
    mate cause of plaintiff's injuries.
2.  Trial—Instructions—Abstract Instructions—Error.—In an action
    for personal injuries alleged to have been caused by contact with
    a crossing gate, an instruction that it was the duty of the de-
    fendant's gateman to exercise and observe such care in the man-
    agement of said gates as was reasonably necessary to the safety
    of the public, including the plaintiff, in the lawful use of the high-
    ways, was erroneous in that it was so general and abstract in
    form as to make the jury the judges of both the law and the facts.
3.  Railroads—Bridge Company—Crossing Gates—Lights.—Where a
    bridge company maintained gates over a grade crossing, it was
    not required to have a light upon the arm of each gate. All that
    was necessary was to have sufficient lights either upon the arms
    of the gates or elsewhere to enable a person exercising ordinary
    care for his own safety to see the arm of the gate.
4.  Railroads—Bridge Company—Crossing Gates—Warning.—It is the
    duty of a bridge company maintaining crossing gates to give rea-
    sonable warning by sounding the gong of its purpose to lower the
    gate.
5.  Railroads—Bridge Company—Crossing Gates—Traveler—Duties.—
    It is the duty of a traveler in approaching a grade crossing
    where gates are maintained to exercise ordinary care to discover
    whether the arms of the gates are down or are being lowered,
    and to keep out of their way.

JAMES R. SKILLMAN and HELM & HELM for appellant.

ELMER C. UNDERWOOD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing.

This is a suit by Ora Iring against Louisville Bridge
Company to recover damages for personal injuries.
From a verdict and judgment in favor of plaintiff for
$2,000.00 the defendant appeals.

The defendant maintains crossing gates at the inter-
section of Fourteenth and Market streets, in the city of
Louisville. The gates are on the east and west side of

Fourteenth street, and the arms of the gates, when lowered, extend across Market street. A few minutes before seven o'clock on the evening of December 7, 1915, plaintiff was driving her automobile along Market street. When she reached Fourteenth street, the arm of the southwest gate came in contact with the wind shield on the machine, and the arm of the gate was broken off at a point about twenty feet from its base. Plaintiff stepped out of her machine and after taking the names of the witnesses, proceeded to her husband's office, at 1213 Main street. Her husband then drove her home, where she was given a hypodermic. A few months later she was operated on for misplaced kidney and uterus, which condition her physicians attributed to the accident. On the other hand certan physicians who testified for the company, stated that the misplaced kidney and uterus could not have been caused by the accident. According to the evidence for plaintiff the arm of the gate was lowered on the machine, and there was not sufficient light there to enable her to see the descending arm. Her witnesses also testified that they did not hear the sounding of the gong. On the other hand the evidence for defendant tended to show that the place of the accident was not only well lighted, but that there were lights on each of the arms of the gates. There was further evidence to the effect that the east gates were lowered first and the gong was then sounded. The gong continued to sound while the west gate was being lowered. The arm of the gate which came in contact with plaintiff's machine was down at the time, and the lantern was thrown into the air and on the ground. Without giving a more detailed statement of the evidence, we conclude that there was a sufficient conflict in the evidence to make it a question for the jury whether defendant's negligence was the proximate cause of plaintiff's injuries. Nor are we prepared to say that the finding of the jury was flagrantly against the evidence.

Instruction No. 1 is as follows:

"The law made it the duty of Roscoe Hines, the agent of the defendant, the Louisville Bridge Co., in charge of the gates referred to in the evidence at the intersection of Fourteenth and Market streets, to exercise and observe such care in the management of said gates as was reasonably necessary to the safety of the public, including the plaintiff, Ora Iring, in the lawful use of the

highways, Market street and Fourteenth street; and if you shall believe from the evidence that the defendant's said agent in charge of the gates in the evidence referred to, failed on the occasion under investigation in this case, to exercise such ordinary care as was reasonably necessary to the safety of persons using the public highways in question—that is, Market street and Fourteenth street —and that by reason of such failure upon the part of the defendant's said agent, if he did so fail, the gate referred to in the evidence was caused or suffered to strike or collide with the plaintiff's automobile, and that the plaintiff thereby sustained the injuries, or some of them, of which she complains, then the law of this case is for the plaintiff, and the jury should so find.''

Instruction No. 2 is the converse of instruction No. 1.

Instruction No. 3 is as follows:

''The law made it the duty of the plaintiff, Ora Iring, as she approached said crossing at Fourteenth and Market streets, upon the occasion referred to in the evidence, to exercise ordinary care for her own safety, and if you shall believe from the evidence that she failed to exercise ordinary care for her own safety on the occasion under investigation here, and that by reason of such failure, if any there was upon her part, she so far contributed to bring about the collision with the gate referred to in the evidence, that but for such failure upon her part, if she did so fail, the collision would not have occurred and she would not have been injured, if she was injured, then the law is for the defendant, and the jury should so find, although the jury may believe from the evidence that Roscoe Hines, the defendant's said agent in charge of seaid gates at said time and place, was also negligent.''

It will be observed that instruction No. 1 did not define the duties of the gateman in concrete form and then submit to the jury the question of fact, but authorized a recovery if the jury believed from the evidence that the gateman failed to exercise and observe such care in the management of the gates as was reasonably necessary for the safety of the public, including plaintiff, thus leaving the question of negligence to the unguided judgment of the jury. Under this instruction the jury may have believed that the defendant performed all the duties imposed by law, and yet was negligent for some other reason which they deemed sufficient. Such an instruction has been frequently condemned by this court on the

ground that it is so general and abstract in form as to make the jury the judges of both the law and the facts. Pack v. Camden Interstate Rwy. Co., 154 Ky. 535, 157 S. W. 906; Johnson, et al. v. Westerfield's Admr., 143 Ky. 10, 135 S. W. 425; L. & N. R. R. Co. v. King, 131 Ky 351, 115 S. W. 196; Smith v. Cornett, 38 S. W. 689, 18 Ky. L. R. 818; C. N. O. & T. P. Ry. Co. v. Hill's Admr., 89 S. W. 523, 28 Ky. L. R. 530; L. & N. R. R. Co. v. Crutcher, 135 Ky. 381, 122 S. W. 191; Western Ky. Coal Co. v. Davis, 138 Ky. 669, 128 S. W. 1074; Citizens' Trust & Guaranty Co. v. Ohio Valley Tie Co., 138 Ky. 421, 128 S. W. 317. There is no merit in the contention that the error of the court in giving the instruction complained of was induced by instruction No. 2, offered by the defendant. While the latter instruction did set forth the duty of the defendant to exercise ordinary care to avoid injuring the public, it also embraced other duties, and the court refused to give the instruction.

The law did not impose upon defendant the duty of having a light upon the arm of each gate at the crossing. All that was necessary was to have sufficient lights either upon the arms of the gates or elsewhere to enable a person exercising ordinary care for his own safety, to see the arm of the gate. McDonald v. Covington & Cincinnati Elevated Railroad Transfer & Bridge Co., 32 Ky. L. R. 992, 107 S. W. 726. It was also the duty of the defendant to give reasonable warning, by sounding the gong, of its purpose to lower the gate. Therefore if the defendant failed to perform these duties, or either of them, and by reason of such failure, if any, plaintiff was injured, there should be a finding for plaintiff. On the other hand it was the duty of plaintiff in approaching the crossing in question to exercise ordinary care to discover whether the arms of the gate were down, or were being lowered, and to keep out of their way, and if she failed to exercise such care, and such failure, if any, contributed to her injuries to such an extent that but for it she would not have been injured, there should be a finding for the defendant. On another trial the court will submit these issues by appropriate instructions.

In view of the conclusion of the court we deem it unnecessary to pass on the alleged misconduct of counsel for plaintiff in his argument to the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.