### Sackett v. Miniard, et al.

(Decided May 10, 1927.)

Appeal from Leslie Circuit Court.

1. Trial.—In trespass to try title, instruction to find for defendants, if in actual possession for 15 years of boundary claimed and owned by them, held erroneous as authorizing finding that their

possession, however amicable to plaintiff's title, ripened into title in themselves.

2. Adverse Possession.—One may acquire title by possession only when adverse and continuous for statutory period.

3. Adverse Possession.—That possession is adverse must be manifested by living on land and claiming to well-marked boundary, by inclosure and use, by possession under color of title claiming to well-defined boundary, or in some other way recognized in jurisdiction.

4. Adverse Possession.—To be "adverse," possession must be actual, open, notorious, exclusive, and continuous for full statutory period.

5. Trial.—In trespass to try title, instruction to find for defendants, if they lived on land and occupied it to well-defined and plainly marked boundary embracing part of that claimed by plaintiff when he took his deed, held erroneous as authorizing finding that wholly amicable occupancy defeated plaintiff's title, under Ky. Stats., section 210.

6. Appeal and Error.—To avail himself of erroneous instruction, party need not offer instruction on same subject, but need only object, except, and move for new trial because of instruction given.

7. Trial.—Whenever trial court instructs jury on issue involved, it is his duty to give a correct instruction.

CLEON K. CALVERT for appellant.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

This is an action in trespass to try title. Appellant was plaintiff below, and appellees were defendants. The parties seem to be agreed that, under the pleadings and evidence, appellant established his title of record and that there was left to be determined by the jury whether appellees had acquired title of the land in controversy by adverse possession, and whether at the time appellant took his deed appellees were in the adverse possession of the land in controversy. That such was the case seems to be agreed, because the trial court gave instruction No. 1, reading:

"You will find for the plaintiff both the first and second tracts of land described in the petition controverted by the answer of defendants unless your finding shall be under the second or third instruction herein."

Appellees did not except to the giving of this instruction and do not complain of it here.

The second and third instructions read:

"II. If you shall believe from the evidence in this case that the defendants, or either of them, have been in the actual possession, by themselves and tenants, for a period of 15 years at any time, of the boundary claimed and owned by the defendant John B. Miniard, and shown by him in his evidence, and also shown on the map introduced in evidence in yellow, then you will find for the defendants.

"III. If you shall believe from the evidence in this case that the defendants, or either of them, by themselves and tenants, lived upon the boundary of land claimed by the defendants in this case, and occupied same to a well-defined and plainly marked boundary, as shown by the map introduced in this case, and that same lapped on and embraces part of the boundary claimed by the plaintiff, at the time plaintiff took his deed, in the year 1907, then you will find for the defendants."

Appellant complains that they are erroneous, and that such is the case is readily apparent. Under the second instruction, appellee's possession of the land in controversy, however amicable it may have been to appellant's title, might have been found by the jury to have ripened into title in themselves. One may acquire title by possession only when it is adverse and continuous for the statutory period, and the fact that it is adverse must be manifested in some one of the ways recognized in this jurisdiction; so that the instruction as to what is meant by adverse possession depends upon the particular facts in evidence manifesting the adverse character of the possession relied upon whether by living upon the land and claiming to a well-marked boundary, or by inclosure and use, or by possession under color of title claiming to a well-defined boundary, or under whatever state of facts may have been relied upon to manifest the adverse character of the possession. To be adverse, in any event, the possession must be actual, open, notorious, exclusive, and continuous for the full statutory period. See Nelson v. Johnson, 189 Ky. 815, 226 S. W. 94; Sparks v. Jackson, 142 Ky. 17, 133 S. W. 959; Young v. Pace, 145

Ky. 405, 140 S. W. 555, and the numerous other opinions of this court cited therein.

The third instruction is also erroneous in that, under it, occupancy wholly amicable may have been found to defeat appellant's title, under section 210, Kentucky Statutes. The character of possession that will operate to avoid a deed as champertous was fully discussed in Le Moyne v. Neal, 158 Ky. 316, 164 S. W. 964, and in Interstate Investment Co. v. Bailey, 93 S. W. 578, 29 Ky. Law Rep. 468, and what was there said need not here be repeated.

For appellees it is insisted that the error in the instructions given was cured by appellant's failure to offer proper instructions. It is never necessary for a party, in order to avail himself of an erroneous instruction, to offer an instruction on the subject. It is sufficient if he objects and excepts and moves for a new trial because of the erroneous instruction given. These things were done by appellant. Whenever the trial court instructs the jury on an issue involved in the action, it is his duty to give a correct instruction. L. & N. R. Co. v. Stephens, 188 Ky. 1, 220 S. W. 746; Ray v. Ray, 196 Ky. 579, 245 S W. 287; Dana Lumber Co. v. Sullivan, 170 Ky. 443, 186 S. W. 159.

Reversed and remanded for a new trial consistent herewith.