## Helge et al. v. Babey.

(Decided February 26, 1929.)

JOSEPH J. HANCOCK and WOODWARD, WARFIELD & HOBSON for appellants.

W. S. HEIDENBERG for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants owned improved real estate located on Jefferson street, in Louisville. They alleged in their petition that the appellee and one Robert Finkler entered into a conspiracy whereby appellee was to offer Finkler as a prospective purchaser of the real estate, and that, pursuant to said conspiracy, appellee fraudulently represented that he had a prospective purchaser for the property, and that, relying on such representations, without knowledge of the conspiracy, appellants made a written proposition to appellee, as agent for Finkler, whereby they agreed to sell the real estate for $11,500, of which sum $3,000 was to be paid in cash and the balance was to be evidenced by a note secured by first mortgage on the property. The sale was consummated, and a deed was executed by appellants to Finkler, and at the same time a note was executed by Finkler to appellants, as well as a mortgage, to secure the payment of the note. It is made to appear by the evidence that Finkler agreed to have the mortgage placed on record for appellants, and, relying upon his agreement so to do, they delivered the mortgage to him for that purpose. Having both the deed and the mortgage in his possession, he proceeded to a bank and placed a first mortgage on the property and secured $6,000, for which he put the property in lien, and

thereafter caused the mortgage to appellants to be recorded. When appellants discovered this fraud, they immediately demanded a cancellation of the trade and a reconveyance of the property to them. Finkler complied with their request to reconvey the property to them, but he could not convey it free from the mortgage which he had executed to the bank. When the $3,000 was paid, there was deducted from that sum $545, the amount of the commissions. Appellants paid the money they received from Finkler on the mortgage he executed to the bank, after the property was reconveyed to them, and either paid or assumed payment of the balance of the mortgage. Finkler executed his note to them for the money which he had thus obtained, and which had not been paid over to them. The note was not paid. The appellants actually lost in money by reason of the transaction $3,545.45. Their suit is based upon the idea that appellee entered into a conspiracy for the purpose of aiding Finkler in defrauding them. The proposition which they submitted to appellee, as agent for Finkler, a copy of which was introduced as evidence, shows on its face that appellants were to accept a second mortgage, but they claim that such was not the provision of the proposition which they made.

We deem it unnecessary, in view of the conclusions which we have reached, to go into the proof offered to substantiate the allegations of the petition that appellee entered into a conspiracy to defraud appellants. The evidence was rather slight, and, while it may have been sufficient to justify the submission of the case to the jury, we deem it unnecessary to decide that point. The case was submitted to the jury, and the jury returned a verdict in favor of the defendant. At the conclusion of all of the evidence, neither party to the action offered any written instructions. Whereupon the court said to the jury: "Counsel for neither side having offered any written instructions, the court submits the case to the jury without instructions, except to say to the jury that if they find for the plaintiff, their verdict must be for the sum of $3,545.00; but if the jury find for the defendant, they shall say so by their verdict and no more."

It is insisted by counsel for appellant that the language of the court, as above indicated, amounted to an instruction to the jury. It is admitted by counsel that

it is the settled law of this state that a court is not required to give any instructions in a civil case unless written instructions are offered by some of the parties. This is a correct statement of the law. Deer Creek Mining Co. v. Moore et al., 200 Ky. 553, 255 S. W. 123; B. & O. R. Co. v. Leach, 173 Ky. 452, 191 S. W. 310; Charles Taylor Sons Co. v. Hunt, 163 Ky. 120, 173 S. W. 333; Hodgkin v. L. & N. R. Co., 204 Ky. 339, 264 S. W. 760. But it is equally well settled that, when the court on its own motion attempts to instruct the jury, the instructions must be correct, although no instruction had been asked or offered by the parties. Sackett v. Miniard et al., 219 Ky. 765, 294 S. W. 487. It is always error to give an instruction to a jury which leaves both the law and the facts to the jury. Louisville Bridge Co. v. Iring, 180 Ky. 729, 203 S. W. 531. Written instructions are required by the provisions of section 317, subsec. 5, Civil Code. Traders' Deposit Bank v. Henry, 105 Ky. 707, 49 S. W. 536, 20 Ky. Law Rep. 1506.

Hobson on Instructions to Juries, p. 22, thus states another important rule relating to instructions in civil cases: "It is not the duty of the court in a civil action to give to the jury the whole law of the case or to instruct on any point unless requested to do so by one of the parties to the action. It is the duty of the litigant to ask such instructions as he wishes and if those given by the court do not cover the point the litigant desires he should ask an instruction on such point."

The case of L., H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073, thus states the rule: "In civil actions the court is not obliged upon its own motion to instruct upon the whole law of the case, that is to say, if there are several issues in a case, upon all of which the parties would be entitled to have the jury instructed, and the court upon its own motion only instructs the jury as to some of the issues, the failure to instruct upon the other issues will not be available error, if the instructions given are correct, although proper exceptions may be saved to the instructions given." It is only necessary that instructions given shall be correct as far as they go. If any party desires additional instructions to those given by the court he must request them. East Tennessee Telephone Co. v. Cook, 155 Ky. 649, 160 S. W. 166; Berea Bank & Trust Co. v. Mokwa, 194 Ky. 556, 239 S. W. 1044.

The authorities cited very clearly show that appellants are not in any position to complain because the trial court did not give instructions covering the issues in the case. If they desired an instruction on any issue, it was their duty to prepare and offer it. If the statement of the court to the jury should be treated as an instruction, still the appellants cannot complain because the court did not give other instructions. If the statement should be treated as an instruction on the measure of damages, there is no reason for complaint, as what the court said covered the point under the evidence in the case. But appellants say it was an oral instruction. Even if it should be considered as an instruction, we hardly think that it would be prejudicial error for the court to state to the jury orally a fact about which there is no dispute. We do not treat the statement of the court as an instruction. It was merely a statement advising the jury as to the form of the verdict which it should return in the event it found for the plaintiffs or the defendant.

Judgment affirmed.