## Justice v. Brunson et al.

(Decided October 9, 1931.)

STOUT & HERDMAN for appellant.

G. D. MILLIKEN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

H. J. Brunson brought this action against J. A. Justice, alleging in his petition that he was the owner and in possession of 375 feet of 2-inch pipe and 975 feet of 1-inch pipe, which was owned and used by him in conducting natural gas, from several gas wells located upon his property, to his residence; that the pipe had been so owned and used by him for a number of years, and the gas which flowed through the pipes was sufficient to light and heat his residence; that in May, 1929, the defendant Justice wrongfully and over his protest disconnected the pipe line, took up and converted to his own use the pipe, of the reasonable value of $82.50, and deprived the plaintiff of the gas for heating, lighting, and cooking purposes to his damage in the sum of $500.

The defendant filed answer. The case came on for trial, and at the conclusion of the plaintiff's testimony he offered to file an amended petition to conform to the proof. The court allowed the amended petition to be filed, and continued the case. By the amended petition he made Allie Brunson and Mrs. Ethel Wright coplaintiffs with him in the action, and alleged that the three owned the land and pipe; that the land had been injured $100 and the crop $50, and prayed damages in the sum of $722.50. The issues were made up. The proof was heard before a jury. At the conclusion of the evidence, the defendant moved the court to instruct the jury peremptorily to find for the defendant. The court overruled this motion, and orally said this to the jury:

"Gentlemen of the jury, neither counsel has offered any instructions in this case, and it is not

the duty of the court to give instructions. The only instruction I will give you is on the measure of damages. If you find for the plaintiff, the amount of damages, if any you should find, is limited to $622.00.''

This was the only instruction given. The jury returned a verdict in favor of the plaintiff for $332.50. The facts shown by the evidence are these: The land in question was the property of C. H. Brunson, the father of Henry Brunson and Ethel Wright, and husband of Allie Brunson. On December 13, 1916, he and his wife, by writing, leased the land for gas purposes to certain parties. The lease contained, among others, these provisions:

"In consideration of the premises, the said party of the second part covenant and agree: . . .

"To pay to the first parties One Hundred ($100.00) Dollars, each year in advance, for the gas from each well where gas only is found, while the same is being marketed off the premises, and the parties of the first part to have gas free of cost to heat and light one dwelling house on said premises during same time. . . .

"The party of the second part shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing and to take up and remove pipe lines. . . .''

The original lessees sold to others and the property changed hands some four or five times until it was bought by the appellee, Justice. C. H. Brunson in the meantime had died. Henry Brunson about the year 1921 was working for appellee, and wanted gas in his house, and he, with the lessee's consent, put in at his own expense the pipe in controversy to get the gas in the house. But these pipes were a part of the system to take the gas from the wells to the power house, and were used as a part of the system from that time on. There was nothing on record to show who had put these pipes in, although Henry Brunson testified, without contradiction, that he had paid for them and put them in. But the fact was they were simply an accession to the system and had been used as an essential part of it by all the holders of the lease from the time they were put in until Justice, after his purchase of the property, took them up, on the ground

that there was no longer enough gas in these wells to warrant their operation.

The only right that the plaintiffs showed that they had to gas, free to light and heat the house, was under the lease which C. H. Brunson had made and under which Justice entered. By the terms of that lease the lessors were only entitled "to have gas free of cost to heat and light one dwelling house on said premises during same time"; that is, as expressly stated above, "where gas only is found while the same is being marketed off the premises." The evidence did not show that gas was being marketed from the H. C. Brunson premises, and there was nothing to show how long such marketing might reasonably be expected to continue. No witness testified as to the diminution in the value of the property from the loss of the gas for the time specified in the contract. The only right that the plaintiffs had as the owners of the land, so far as free gas was concerned, was to recover for the diminution in the value of their property from being deprived of the use of the gas without right. To warrant a recovery on this ground there should have been some evidence or some facts shown from which the jury might infer that the property was of less value when they were deprived of the gas by Justice than it would have been if he had not taken up the pipe. To establish this, there should have been some evidence that they then had a right to free gas under the contract and how long this right might reasonably be expected to continue. This the evidence did not sufficiently establish.

The proof did not, therefore, warrant a recovery for the diminution of the value of the property by reason of what Justice had done.

The owner of land has title to the center of the earth, and may complain of what is wrongfully done by another on his land; but this case does not fall within that rule, for this pipe was laid under a lease which gave the lessee the right to take it up, and, the lessee having a right to take up the pipe, his entry on the land for this purpose and taking up the pipe were warranted by the contract. He violated no duty that he owed the owners of the land, unless the owners, under the contract, had a right to free gas, and, if they had this right, their measure of recovery was the diminution in the value of their property by being deprived of the gas. The mother and sister had originally no interest in the pipe beyond this. They did not pay for it; they did not put it down and had nothing

to do with it. Though the son paid for the pipe and put it in the earth, he did this for the benefit of his mother and his sister no less than himself; the land was the property of the three, and by his pleading in this action he has treated the pipe as belonging to them all, and has sought a recovery in their joint names therefor. He will be barred by the judgment from asserting a claim against Justice therefor, and, as the judgment will protect Justice, under all the facts, he cannot complain of the supposed variance between the pleading and the proof, for he was not misled, in any way thereby to his prejudice under the facts shown by the record. Whether there was a variance is a question not decided.

This pipe was put in and used for a double purpose—to bring gas to the house and to bring it to the pumping station. Neither party had the right to take it up in violation of the rights of the other. It was in the land, and the landowners, as well as the lessees, had the use of it. If Justice took it up and took it away without right, this was a conversion of it, and he is liable for its fair value at that time. It was taken without right if the landowners were then entitled to free gas, or it was the son's pipe. There is no pleading that Justice or any prior holder of the lease was a bona fide purchaser without notice, and this defense is not now presented. The proof is that each of the parties at all times used the pipe for the purpose intended, and that Justice had notice when he bought, and so took subject to the claim.

While the court should ordinarily give his instructions in writing, when he undertakes to instruct the jury the fact that such an instruction as was given here was not in writing is not alone prejudicial error. Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757.

Judgment reversed, and cause remanded for further proceedings consistent herewith.