## Whitney Transfer Co. v. Smith's Administratrix.

(Decided Dec. 18, 1934.)

[black redaction bars]

RODES & HARLIN and HOBSON JAMES, Jr., for appellant.

J. E. WISE and C. B. LATIMER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The appeal is from a $10,000 judgment for the death of Eugene Smith.

The accident happened on the morning of July 16, 1932, at a point about 6 miles north of Elizabethtown. A truck belonging to the Whitney Transfer Company was being driven north. The deceased, Eugene Smith, was driving south. At the place of the accident there was a slight curve in the highway, but cars could be seen for some distance in each direction. The truck was loaded with forty or fifty gasoline or oil drums. At the time of the accident, it was on its side of the highway. Just prior to the accident, Smith was on his side of the highway, but when he got near to the approaching truck he cut his machine suddenly to the left and collided with the truck. After the collision, Smith's car was off the paved part of the road, and he was lying on the shoulder of the highway about 6 feet from the car. There was evidence that prior to the accident Smith appeared to be sober. There was other evidence that a quart bottle containing a small quantity of liquor was found in his car immediately after the accident, and that at various times and for several miles Smith had been seen driving at an excessive rate of speed and from one side of the road to the other.

It was appellee's theory that one of the oil drums tilted and fell from the truck on the road directly in the path of Smith's machine, and that Smith cut his machine to the left in order to avoid colliding with the drum. On this question Leo J. Schulte testified as follows: He was 200 or 300 feet back of the truck. The first thing he saw was a tank rolling off the truck to the

left of the road going toward Louisville. Six or seven seconds after that he saw additional tanks roll off. There was a slight curve near the accident. As the truck came around the curve, it appeared to be mostly on the left. The truck swerved and turned to the right, and that was the time the drum fell off. The on-coming machine was about 20 feet from the truck when the first drum rolled to the left. He did not notice the driver of the machine doing anything, and never saw the collision. The driver appeared to be coming straight on. The truck was a Whitney truck and had a small 2 by 4 rail about it. He could not see any fasteners on the drum. After that he saw several drums fall off, some going to the right and some to the left. Smith's machine was about 20 feet away when the drum rolled off. The drum fell from the rear of the truck. He did not stop as he went by, but went on for about 2 miles and then returned. On the other hand, the driver of the truck and his son both testified that at the time of the accident the truck was on the right-hand side of the highway, that no one of the oil drums fell off prior to the accident. Smith was driving in about the center of the road. The truck got over as far as it could, but Smith's car came on and struck the truck. There was further evidence by the driver of the truck that there was a 4 by 4 rail around the truck and that the oil drums were tied with a rope or cable which prevented the oil drums coming off except in case of a collision. The evidence of Mr. Whitney, the owner of the truck, was to the same effect.

At the conclusion of the evidence for appellee counsel for appellant moved the court to continue the case on the ground that they were taken by surprise by the testimony of the witness Schulte, who swore that he saw a drum fall from the truck immediately before the collision, and it is insisted that the court erred in overruling the motion. The argument is that the petition alleged negligence "in operating said truck contrary to the laws of the State of Kentucky governing the operation of motor vehicles on the public highways of this State," and the allegation was not broad enough to cover negligence in loading. In view of the fact that the judgment must be reversed on another ground, and the petition may be amended on the return of the case, we refrain from passing on the question.

In addition to an instruction authorizing a verdict by nine or more of the jurors, and an instruction on

contributory negligence, the court gave the following instructions:

"No. 1. It was the duty of the defendant, A. M. Whitney, not to have the trailer of this said truck, while in use on said highway equipped with a bed wider in any part than 96 inches nor longer in any part than 30 feet. It was the duty of the driver of the defendant's truck, Huston Kitchen, to exercise ordinary care to so load, arrange or fasten said oil drums in the bed of said trailer as to prevent their falling off on said highway. It was the duty alike of said truck driver, Huston Kitchen, and of the deceased, Eugene Smith, in the operation of their respective motor vehicles on said highway at said time and place, to keep a reasonable lookout ahead, and each to travel on his right side of the road whenever possible, and unless the left side of said highway was clear of all other traffic or obstructions and presented a clear vision for a distance of at least 150 feet ahead, and upon meeting each to pass to the right of the other's said vehicle, giving thereto one half of the road as nearly as possible, and such assistance as the circumstances reasonably demanded in order to obtain a clearance and avoid accident; and it was the duty of each to exercise ordinary care generally in order to avoid accident and prevent collision."

'No. 2. As used in these instructions, Ordinary care as applied to the driver of defendant's truck [Huston Kitchen] means that degree of care which is usually exercised by ordinarily careful and prudent persons, operating trucks, and under circumstances like or similar to those proven in this case. And as applied to the deceased Smith, 'Ordinary care' means that degree of care which is usually exercised by ordinarily careful and prudent persons, driving automobiles, under circumstances like or similar to those proven in this case, and if you believe from the evidence that said Smith was drunk or intoxicated, then 'Ordinary care' on his part means that degree of care usually exercised by ordinary careful and prudent persons if sober, operating automobiles under circumstances like or similar to those proven in this case."

"No. 3. If you believe, from the evidence of this case, that at the time and on the occasion in

controversy the defendant, Whitney, failed to exercise the said duty required of him, or that said Kitchen, his agent and driver of said truck, failed to exercise any one or more of the duties required of him under instruction No. 1, and that as the direct and proximate result of said failure [if any] on the part of either or both of them the defendant's truck and the car of the deceased Smith collided, or one of said oil drums fell from said trailer and collided with the car of the deceased, and the deceased was injured and killed thereby, then you should find for the plaintiff such sum in damages as you believe from the evidence will fairly and reasonably compensate the estate of the deceased for the destruction of his power to earn money, not exceeding $50,000, the amount claimed in the petition. But unless you so believe from the evidence, or if you believe as set out in Instruction No. 4, you should find for the defendant.''

It will be observed that instruction No. 3 authorized a recovery if the jury believed from the evidence, ''or one of said oil drums fell from said trailer and collided with the car of the deceased, and the deceased was injured and killed thereby.'' There was no evidence direct or circumstantial that Smith's car collided with a drum that fell from the truck. The truck itself was many feet in length. The only evidence on the question is that the drum fell from the rear of the truck. Smith's car did not come in contact with the side of the truck. It struck the bumper and wheel of the truck. In the very nature of things it was a physical impossibility for the alleged drum to get in front of the truck and collide with Smith's car. In a case like this, where so many different conclusions might have been drawn from the evidence, it clearly was error to authorize a recovery on a ground wholly unsupported by the evidence. In view of another trial, we deem it proper to add that, inasmuch as the accident was not due to the width or length of the truck, or to failure to keep a lookout, or to a failure of the truck to travel on the right-hand side of the road, these duties should not have been embraced in instruction No. 1, and liability for a failure to observe them, or any one of them, should not have been predicated in instruction No. 3. Indeed, the only ground of recovery, if any, for which there is any support in the evidence, is that by reason of the negligent loading of the truck one of the drums fell on the highway in the

pathway of Smith's car, and brought about the accident, and we think the particular facts relied on, as well as the facts constituting contributory negligence, should be submitted to the jury. Therefore, on another trial the court, in addition to an instruction authorizing a verdict by nine or more of the jury, and an instruction defining ordinary care and negligence, will give the following instructions:

"No. 1. If you believe from the evidence that on the occasion in question defendant's truck was negligently loaded, and by reason thereof one of the oil drums fell from the truck to the left of the center of the highway and in the pathway of the car of the deceased, Eugene Smith, and so near thereto as to place him in a position of sudden peril, and that in order to avoid said peril, if any, he, while exercising ordinary care for his own safety, turned his car to the left and drove into the truck and was thereby injured and killed, you will find for plaintiff. Unless you so believe, or if you believe as in Instruction No. 2, you will find for the defendant."

"No. 2. If you believe from the evidence that at the time the car of the deceased was approaching the truck the deceased was driving on the left side of the highway, or did not have his car under reasonable control, or did not keep a lookout, or did not use ordinary care in the management and control of his car, and that by reason of any one or all of said acts, if any, the deceased contributed to his death to such an extent that but for which it would not have occurred, you will find for the defendant."
No other question is passed on.

Judgment reversed and cause remanded for a new trial consistent with this opinion. Whole court sitting, except Judge Richardson.