**Nola D. OMER, Appellant,**

v.

**Karin J. BRANDENBURG, Appellee.**

Court of Appeals of Kentucky.

May 12, 1972.

Rehearing Denied June 30, 1972.

**286**

Harold K. Huddleston, Huddleston & Van Zant, Elizabethtown, for appellant.

James M. Collier, William S. Cooper, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellee.

GARDNER, Commissioner.

This intersection accident resulted in a jury verdict in favor of Karin J. Brandenburg who was the defendant below. The jury found that plaintiff, Nola D. Omer,

was contributorily negligent. We reverse because of error in the instructions.

At the time of the accident Mrs. Omer was proceeding east on a four-lane highway while Mrs. Brandenburg was proceeding south on an inferior road. There was a stop sign which faced Mrs. Brandenburg as she entered the four-lane highway. According to Mrs. Brandenburg, she stopped, looked to her right and saw a car coming in her direction "about two or three blocks" away. Thinking she could clear the four-lane highway before the other car reached her she started across, driving about five miles per hour. When her car was in the right-hand lane in which Mrs. Omer was traveling (which was the outer lane) the Omer car ran into the Brandenburg car striking it at about midway on the right side. When asked how fast the Omer car was traveling, Mrs. Brandenburg said "I had no idea." She said she did not see the Omer car after she moved onto the four-lane highway. In fact, she said she did not know whether the car she saw was the Omer car.

The only significant departure of Mrs. Omer's version of the accident from that of Mrs. Brandenburg's was that Mrs. Omer said the Brandenburg car slowed down when it came to the median. She thought the Brandenburg car was going to stop at the median but it did not and continued on into Mrs. Omer's lane of traffic.

Mrs. Omer testified she was traveling about 30 miles per hour. There was no other evidence introduced by either side bearing on the speed of the Omer car.

■ Mrs. Omer contends that she was entitled to a directed verdict on the question of liability and that the question of damages should have been determined by the jury. In view of recent decisions, including Killman v. Taylor, Ky., 453 S.W.2d 574 (1970), and Ellison v. Begley, Ky., 448 S.W.2d 371 (1969), that position is untenable. The highway was straight and Mrs. Omer had a clear vision of Mrs. Branden-

burg's car as Mrs. Omer traversed a distance of two or three blocks immediately before the accident. There was no obstruction to prevent Mrs. Omer from seeing the other car come to a stop at the intersection and gradually move across the highway. There was ample opportunity for Mrs. Omer to reduce her speed sufficiently to permit the Brandenburg car to cross in safety. The "reasonably prudent person" doctrine might have required Mrs. Omer to change lanes in order to avoid the accident. We agree with the trial court that there was sufficient evidence of negligence inferable from the happenings on the part of Mrs. Omer to require the submission of the case to the jury.

■ Mrs. Omer's second contention, with which we agree, is that the trial court erroneously refused to instruct the jury on the specific duties of Mrs. Omer. The pertinent instruction was as follows:

"You will find for the plaintiff, Nola D. Omer, and award her damages as set out in Instruction No. 2 unless you believe from the evidence that she was herself guilty of negligence, and her said negligence so far contributed to cause and bring about the accident and her said injuries, that but for same, said accident and injuries, if any, would not have occurred, in which event you shall find for the defendant."

Mrs. Omer points out that the instruction does not set forth specific guidelines by which the jury could determine that Mrs. Omer was contributorily negligent. We have said many times that instructions should set forth specific duties of a plaintiff relative to contributory negligence. For example, in Pedigo v. Osborne, 279 Ky. 85, 90, 129 S.W.2d 996, 999 (1939), the court said:

"It is at once noted that this instruction in no wise undertakes to define the duties of plaintiff in the operation of his automobile. The jury had nothing to guide it in determining what would constitute or amount to the proper or improper handling of the car. The instruction should have defined the duties of the driver of plaintiff's car, with the further instruction that if plaintiff failed to observe such duties or any one of them, and that failure contributed to the injury to plaintiff's car, they should find for the defendant."

Excerpts from other opinions are as follows:

"On the other hand, it was the duty of plaintiff, in approaching the crossing in question, to exercise ordinary care to discover whether the arms of the gate were down, or were being lowered, and to keep out of their way, and if she failed to exercise such care, and such failure, if any, contributed to her injuries to such an extent that, but for it, she would not have been injured, there should be a finding for the defendant. On another trial the court will submit these issues by appropriate instructions." Louisville Bridge Co. v. Iring, 180 Ky. 729, 732, 203 S.W. 531, 532 (1918).

"Indeed, the only ground of recovery, if any, for which there is any support in the evidence, is that by reason of the negligent loading of the truck one of the drums fell on the highway in the pathway of Smith's car, and brought about the accident, and we think the particular facts relied on, *as well as the facts constituting contributory negligence, should be submitted to the jury.*" (Emphasis added)

\* \* \* \* \* \*

" 'No. 2. If you believe from the evidence that at the time the car of the deceased was approaching the truck the deceased was driving on the left side of the highway, or did not have his car under reasonable control, or did not keep a lookout, or did not use ordinary care in the management and control of his car, and that by reason of any one or all of said acts, if any, the deceased contributed to his death to such an extent that but for which it would not have oc-

curred, you will find for the defendant.' " Whitney Transfer Co. v. Smith's Adm'x, 256 Ky. 844, 848, 849, 77 S.W.2d 440, 442 (1934).

"In addition to the duties of appellee enumerated in the instruction on contributory negligence, the court should have told the jury that it was his duty when crossing the roadway at a point other than the regularly designated crosswalk for pedestrians to keep a lookout for approaching cars, and if he saw, or by the exercise of ordinary care could have seen, appellant's car approaching not to attempt to pass in front of it if it was so near to him that the driver could not, by the exercise of ordinary care, avoid striking him." Louisville Taxicab & Transfer Co. v. Byrnes, 296 Ky. 560, 562, 178 S.W.2d 4, 6 (1944).

"On another trial, the Court, in addition to correcting the errors heretofore pointed out, will, if requested, define the duties incumbent upon appellee in operating her car upon the highway, instead of merely defining the duties of the truck driver and instructing on appellee's duty to exercise care for her own safety." Harlan Fruit Co. v. Kilbourne, 280 Ky. 511, 517, 133 S.W.2d 730, 733 (1939).

In W. M. Abbott Transfer Co. v. Kruse, 272 Ky. 479, 114 S.W.2d 731 (1938), we held that the term "negligence" need not be used or expressly defined in instructions, where the trial court properly has instructed the jury as to facts from which it could determine the existence or absence of negligence.

It is incumbent upon the court to instruct on the law of the case. CR 51. If the court fails to give proper instructions the aggrieved party should call the error to the attention of the court. That was done in this case when counsel for Mrs. Omer requested the court to instruct on the specific duties of Mrs. Omer. The court chose rather to give a general instruction on contributory negligence. Mrs. Brandenburg argues that Mrs. Omer had no reason to complain because specific instructions would have simply emphasized to the jury there were certain duties required of Mrs. Omer in addition to the general requirement of driving carefully (KRS 189.290), and that the only one who could complain of such omission was Mrs. Brandenburg.

On first impression the argument seems sound, but further thought leads us to the conclusion that Mrs. Omer's case was prejudicially presented to the jury. When we look at the present case in proper perspective we are made aware of the pragmatic fact that the jury might well have seized upon irrelevant factors in reaching its verdict. Mrs. Omer was traveling on a through street, there was no evidence of excessive speed, no evidence that she went to sleep, and no evidence of any other positive act of negligence. The only theory on which Mrs. Omer was contributorily negligent is that she had an opportunity, but failed, to avoid the accident. The avoidance possibly could have been accomplished by a reduction of speed, or by a veering to the left or to the right. The jury should have guidelines to assist it in arriving at a sensible determination both as to negligence and as to contributory negligence. At another trial of the case, if the evidence is substantially as it was on the first trial, an instruction should be given as follows:

It was the duty of the plaintiff, Mrs. Omer, at the time and place mentioned in the evidence, in the exercise of ordinary care for her own safety, to have her car under reasonable control, to keep a lookout for other vehicles in front of her or so near thereto as to be in danger of collision, and to exercise ordinary care generally to avoid colliding with other vehicles using the highways. You will find for the plaintiff, Mrs. Omer, unless you believe from the evidence that she failed to observe one or more of these duties and that except for such

failure the accident would not have happened, in which event you will find for the defendant, Mrs. Brandenburg.

The court also should give the usual instruction defining ordinary care.

The judgment is reversed for a new trial.

All concur.