(90 South. 332)

**DILLEHAY v. STATE.** (3 Div. 395.)

(Court of Appeals of Alabama. June 14, 1921. Rehearing Denied Oct. 4, 1921.)

1. **Criminal law ⬅⟹419, 420(1)—Admission of testimony held erroneous as mere conclusions based on hearsay.**

In a prosecution under Code, §§ 7324, 7342, 7620, for selling or removing hay worth $25 or more on which defendant had given his landlady a lien, the admission of the latter's testimony as to how much hay was left, and of another witness' testimony as to how much hay he thought defendant had cut, was erroneous; such statements being conclusions only, based on hearsay and not on facts within the witness' own knowledge.

2. **Landlord and tenant ⬅⟹253(1)—No error in refusal of charge to acquit of removing property with intent to defraud lienor if latter consented.**

In a prosecution of a tenant under Code 1907, §§ 7324, 7342, and 7620, for selling or removing hay, the court properly refused charges to acquit if the landlady authorized, acquiesced in, or agreed to the sale and removal, the fact of removal, with knowledge of the claim, raising a conclusive presumption of intent; and it was for the jury whether the evidence overturned such presumption.

3. **Larceny ⬅⟹1—Removing property to defraud lienor not larceny, though punishable as such.**

Though Code 1907, § 7342, declares a person selling and removing property on which he has given a lien punishable "as if he had stolen the same," such crime is not larceny; the

---

statute simply declaring that the punishment shall be the same as that for larceny.

**4. Landlord and tenant ⬗═253(1)—Charges as to tenant's removal of property with intent to defraud lienor held properly refused.**

In a prosecution for selling and removing hay with intent to defraud defendant's landlady, charges against conviction unless the evidence showed that he sold or removed personal property of the value of more than $25 at one time, or by one transaction, were properly refused as misleading, in that defendant might have been guilty by one continued series of acts.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Dannie Dillehay was convicted of selling or removing property on which he had given a lien, and he appealed. Reversed and remanded.

Certiorari denied 206 Ala. 560, 90 South. 334.

The prosecuting witness, Bettie Allen, tended to show that the defendant rented from her a certain tract of land for which he agreed to pay her $350, and that he began haying on May and had cut and removed considerable hay from the land, and that he had paid her only $66. The solicitor asked her how much hay was left on the land, and she answered, "Only just $50 worth;" and this over the objection of the defendant. L. D. Zuber also testified that he did not know exactly how much hay Dannie Dillehay cut, and was then asked for his best judgment about it, and replied, "About 60 or 70 tons."

The following charges were refused the defendant:

Unnumbered: "The court charges the jury that, before you can convict the defendant of a felony under this indictment, you must be convinced, beyond a reasonable doubt, from the evidence, and the evidence alone, in this case, that this defendant did sell or remove personal property, consisting of hay of the value of more than $25, at one time or by one transaction, with the purpose of hindering, delaying, or defrauding his grandmother."

And another unnumbered charge to the same effect.

10. Affirmative charge.

C. "The court charges the jury that, if after a careful consideration of all the evidence in the case you believe that the prosecuting witness, Bettie Allen, authorized the defendant to sell and remove the hay testified to, then you cannot convict the defendant."

D. Similar to C, except that instead of "authorized" the words "acquiesced in" or "agreed to," are used.

Hill, Hill, Whiting & Thomas and L. A. Sanderson, all of Montgomery, for appellant.

The court erred in refusing written charge C. 100 Ala. 19, 14 South. 362; The court erred in refusing to give the other charges. 89 Ala. 110, 7 South. 841; 10 Ala. App. 141, 65 South. 483; 84 Ala. 444, 4 South. 719;

section 7342, Code 1907; 105 Ala. 117, 16 South. 929.

Harwell G. Davis, Atty. Gen., W. T. Seibels, Sol., and R. G. Arrington, Asst. Sol., both of Montgomery, for the State.

The taking was one continual transaction, and the court did not err in refusing the charges requested. 22 Cyc. 408; 25 Cyc. 61; 14 Ala. App. 106, 71 South. 983; 125 Ala. 104, 28 South. 505; 134 Ala. 429, 33 South. 226; 10 Ala. App. 149, 65 South. 433.

BRICKEN, P. J. It appears from the record that this appellant rented certain lands from another, one Bettie Allen, and agreed to pay, as a rental, the sum of $3.50 per acre; the tract of land rented consisting of about 100 acres. The land was "hay land," and it appears that hay was the only crop raised upon or gathered therefrom,

The indictment charges (omitting the formal parts) that the defendant, with the purpose to hinder, delay, or defraud Bettie Allen, who had a lawful and valid claim thereto "* * * did sell or remove personal property consisting of 13 tons of hay, of the value of $234, having at the time a knowledge of the existence of such claim," etc.

The value of the property involved, being alleged in the indictment at $25 or more, constituted the offense complained of in the indictment a felony. Under this indictment the defendant was convicted "as charged," and was sentenced to hard labor for the county for 18 months, as provided under sections 7342, 7324, and 7620 of the Code 1907.

[1] We are of the opinion that the court committed error in overruling the objection of the defendant to the questions propounded to state witness Bettie Allen as to how much hay was left, and in declining to exclude the testimony of this witness given in response thereto. In the first place, the materiality of this testimony was very doubtful; but the principal objection to the testimony is that the witness was manifestly testifying to conclusions only, and her testimony was patently based upon hearsay and not upon facts within her own knowledge. These specific grounds of objection were made and also included in the motion to exclude the answer of the witness, and, as before stated, the court erred in this connection. It also appears that a considerable portion of other testimony of this witness was of like character, but, as no objection was interposed and no ruling of the court invoked, these matters are not presented for review.

The testimony of state witness Zuber is more or less subject to the same criticism as that of the witness Allen. In this case it was necessary for the state to prove, by legal evidence, all the material averments contained in the indictment, and to this end conjectures, conclusions, opinions, suspicions,

and the belief of witnesses cannot be resorted to; the general rule of evidence being that witnesses may be permitted to testify only as to the facts which come within their own knowledge.

No exception was reserved to the oral charge of the court, and no motion was made for a new trial. It is insisted, however, that the court erred in refusing several special charges requested in writing by defendant.

Charge 10, which was the affirmative charge, and another charge not designated by letter or number, also the affirmative charge, were properly refused.

[2] From the evidence of Bettie Allen, the landlord, or lienor, and from the testimony also of defendant, it appears that permission was given by the landlord to defendant to sell the hay in question, and upon the theory that this would be conclusive of the case the appellant requested in writing charges "C" and "D," and here insist that the refusal of those charges was error. In this we cannot agree with counsel for appellant. The question whether the party having the lien or claim on the property removed or sold consented to the removal or sale by the defendant operates only collaterally in the case, upon the direct inquiry whether the defendant, in the removal or sale thereof, had the purpose or intent to hinder, delay, or defraud. Under the statute (Code, § 7342), the fact of removal with knowledge of the claim itself raises a conclusive presumption of such intent, and whether this and other evidence in the case overturned this presumption was a question for the jury. Of course, under section 7423, for selling mortgaged property the consent of the lawful holder of the lien, if proven, would be an absolute defense. The court therefore was not in error in refusing the charges "C" and "D." May v. State, 115 Ala. 14, 22 South. 611. In the May Case, supra, it was held that the mere ratification by the person having the claim on the property removed or sold, or the act of selling or removing, could not purge the act of criminality.

[3] Counsel for appellant are in error in their insistence that the offense charged here is of like character to that of a larceny charge. It is true that the statute (Code 1907, § 7342), under which this defendant is charged, declares a person violating its provisions must "be punished as if he had stolen the same." This provision does not make the crime larceny, nor does it impart to it all the properties or constituent elements of that crime. It simply declares the punishment shall be the same as the punishment for larceny. Cobb v. State, 100 Ala. 19, 14 South. 362. In Courtney v. State, 10 Ala. App. 141, 65 South. 433, this court said:

"The statute requires that the offense be punished as if defendant had stolen the property. Whether, therefore, the crime is a felony and is to be punished as grand larceny, or is a

misdemeanor and is to be punished as petit larceny, depends upon the value of the property. Ordinarily, where the value of the property is not found in the verdict of the jury, there would be difficulty in pronouncing the proper judgment and sentence. Grant v. State, 55 Ala. 201; Johnston v. State, 100 Ala. 32, 14 South. 629."

[4] The following charges were refused to defendant:

"The court charges the jury that, before you can convict the defendant of a felony under this indictment, you must be convinced, beyond a reasonable doubt, from the evidence, and the evidence alone, in this case, that this defendant did sell or remove personal property, consisting of hay of the value of more than the value of $25 at one time or by one transaction, with the purpose of hindering, delaying, or defrauding his landlord, Miss Bettie Allen.

"The court charges the jury that, before you can convict the defendant of a felony in this case, you must believe from the evidence beyond a reasonable doubt that at one time, or by one transaction, that the defendant sold or removed hay of the value of more than $25, with purpose of hindering, delaying, or defrauding Miss Bettie Allen."

These charges were misleading and were properly refused, because they fail to take cognizance of the hypothesis that defendant may have been guilty by one continued series of acts; or, in other words, that the defendant removed the hay in question by a series of acts, all affected by one preconceived purpose. Carl v. State, 125 Ala. 89, 104, 28 South. 505.

For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.