(90 South. 334)

**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**DILLEHAY v. STATE.**

(3 Div. 544.)

(Supreme Court of Alabama.   Oct. 27, 1921.)

**1. Landlord and tenant ⊊⇒253(1)—Charge that removal of property to defraud lienor must have been at one time or by one transaction properly refused.**

In a prosecution for selling and removing hay with intent to defraud defendant's landlady, to whom he had given a lien thereon, charges that to convict tenant must have sold or removed property worth $25 or more at one time or by one transaction were misleading, in that defendant may have been guilty by one continued series of acts, though state's evidence tended to show removal by a series of acts, all affected by one preconceived purpose.

**2. Criminal law ⊊⇒1158(4)—Supreme Court will not review questions of fact on certiorari to Court of Appeals.**

On certiorari to the Court of Appeals, the Supreme Court will not review a ruling in a prosecution for selling and removing hay with intent to defraud defendant's landlady, who had a lien thereon, excluding the latter's testimony as to how much hay was left on the place, as being based on hearsay and. not on knowledge of the facts; such ruling involving a question of fact.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of Harwell G. Davis, Attorney General, for certiorari to the Court of Appeals, to review and revise a judgment of conviction.   Writ denied.

Petition by the State of Alabama, on the relation of Harwell G. Davis, Attorney General, for certiorari to the Court of Appeals, to review and revise the judgment of said court rendered on the appeal of Dannie Dillehay v. State, 90 South. 332.   Writ denied.

For the charges referred to in the opin. ion, as well as the evidence, see report of Dannie Dillehay v. State of Alabama (Court of Appeals of Alabama) 90 South. 332.

Harwell G. Davis, Atty. Gen., W. T. Seibels, Sol., and R. G. Arrington, Asst. Sol., both of Montgomery, for appellant.

The court erred in holding that the charges requested should have been given, because the taking constituted one continuous transaction. 22 Cyc. 408; 25 Cyc. 61; 14 Ala. App. 106, 71 South. 983; 125 Ala. 104, 28 South. 505; 134 Ala. 429, 33 South. 226; 100 Ala. 21, 14 South. 362.

Hill, Hill, Whiting & Thomas and L. A. Sanderson, all of Montgomery, for appellee.

The charges requested should have been given. 154 Ala. 12, 45 South. 212, 129 Am. St. Rep. 17; 15 Ala. App. 91, 72 South. 564. This court does not review finding of fact by Court of Appeals. 204 Ala. 358, 86 South. 96; 147 La. 953, 86 South. 409.

SAYRE, J. [1] Assuming, since the burden of the Attorney General's argument is based upon this hypothesis and because it seems probable in the nature of things, that the state's evidence tended to show that defendant removed the hay in question by a series of acts, all affected by one preconceived purpose (Carl v. State, 125 Ala. 89, 104, 28 ·South. 505), the two charges refused to defendant, upon which in part the reversal is based, were misleading, if not more definitely erroneous and hurtful, for that they fail to take due cognizance of the, hypothesis that defendant may have been guilty by one continued series of acts.

[2] As for the other point mentioned in the application, that the Court of Appeals erred in its conclusion that error was committed by the trial court in the failure to exclude the testimony of the prosecuting witness as to how much hay was left on the place, the opinion of the Court of Appeals ·proceeding on the ground—for one thing—that such testimony· was patently based upon hearsay, and not upon knowledge of the facts, that ruling involved a question of fact such as this court has frequently refused to review on certiorari to the Court of Appeals.   Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 South. 91.

Application denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⊊⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes