## United Casket Company, Incorporated v. Reeves, By, etc.

(Decided January 13, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Municipal Corporations—Negligence of Driver of Truck Injuring Child Held for Jury.—In action for injuries to child struck by defendant's truck, evidence that truck was being driven at a high

rate of speed, that no warning of its approach was given, and that a proper lookout was not kept, made question of driver's negligence one for jury.

2.  Municipal Corporations—Truck Driver's Duty to Warn Children Playing in Street.—Where truck driver saw plaintiff and her brother playing in street, and they attempted to cross in front of truck, it was driver's duty to give reasonable and timely warning of approach of truck by use of customary signal, notwithstanding Ky. Stats., section 2739g-28.

3.  Trial—General Motion to Exclude Challenged Competency of Witnesses, and Not Admissibility of Particular Portion of Evidence.—In action for injuries to child, general motion to exclude made at the conclusion of testimony merely challenged competency of witnesses, and not admissibility of any particular portion of their evidence.

4.  Witnesses—Mother and Father Competent Witnesses in Action for Injuries to Child.—In action for injuries to child, the mother and father of the child, who testified to injuries and suffering by child not observable by naked eye, were competent witnesses.

5.  Appeal and Error—Refusal to Exclude Evidence Held Harmless in View of Other Positive and Direct Evidence as to Same Facts. —In action for injuries to child, refusal to exclude testimony by mother and father as to injuries and suffering by child not observable by naked eye, if error, was harmless in view of positive and direct evidence as to extent of child's injuries and suffering.

6.  Municipal Corporations—Instruction Held to Properly Submit Proximate Cause of Injuries to Child by Truck.—In action for injuries to child struck by defendant's truck, instruction held to properly submit question whether driver's negligence was proximate cause of injuries.

7.  Damages—$2.500.00 Verdict for Fracture of Arm and Permanent Injury to Hand Held Not Excessive.—Where both bones of arm of six year old child were fractured, and her hand was badly crushed and permanently injured, and the child suffered a great deal, $2,500.00 verdict was not excessive.

8   Damages—Submission of Question of Permanent Injury to Hand Held Not Error.—Where hand of six year old girl was badly crushed and at time of trial was only three-fourths the size of an ordinary hand, and it was apparent from testimony that injured hand did not function as well as other hand, submission of question of permanent injury held not error.

JOHN P. HASWELL for appellant.

BECKHAM OVERSTREET, CHAS. T. RAY and DUFFIN, RAY, VANCE & DUFFIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment of $2,500.00 for personal injuries.

One of the grounds urged for reversal is the failure of the court to sustain appellant's motion for a peremptory instruction. The argument is that the evidence simply tended to show that appellee, who was an infant only six years of age, was found under or near the rear part of appellant's truck on the right hand side of the street, some distance from the intersecting street, and nothing more. Hence, it is insisted that the proof was as consistent with the existence as with the nonexistence of negligence. As a matter of fact, however, it is admitted that the truck struck and injured appellee, and, there being evidence that the truck was being driven at a high rate of speed, that no warning of its approach was given, and that a proper lookout was not kept, it is at once apparent that the question of negligence was for the jury.

Another contention is that the court erred in instructing the jury that it was the duty of the driver of the truck to give reasonable and timely notice of the approach of his truck by use of the customary signal. The basis of this contention is that the common law rule has been abrogated by section 2739g-28, which is as follows:

"Section 2739g-28. Horns.—Every automobile and bicycle, when in use on a public highway, shall be equipped with a horn, bell or other device capable of making an abrupt sound sufficiently loud to be heard under all ordinary conditions of traffic, and every person operating an automobile or bicycle shall sound said horn or other sound device whenever necessary as a warning of the approach of such vehicle to pedestrians, or other vehicles, but shall not sound said horn or sound device unnecessarily."

It may be conceded that the statute imposes on the person operating the machine the duty to sound the horn or other device only when it is necessary to warn pedestrians or other vehicles of the approach of the machine, and that, as a general rule, the question of necessity is one of fact for the jury, but in this case the driver admits that he saw plaintiff and her little brother out in the street playing with a dog, and the evidence shows that the dog first crossed over in front of the truck, then the boy, and that he was followed by plaintiff, who was about ten feet behind him. In view of these circumstances, the court did not err in holding as a matter of law that it was the duty of the driver of the truck to give warning

of its approach to pedestrians whom he saw, or, in the exercise of ordinary care, should have seen, crossing, or about to cross, in front of the truck.

It is also insisted that the court erred in permitting the father and mother of appellee to testify to injuries and suffering by appellee that were not observable by the naked eye. The general motion to exclude, made at the conclusion of their evidence, merely challenged their competency as witnesses, and not the admissibility of any particular portion of their evidence. Worthley v. Hammond, 13 Bush 510; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S. W. 54. As they testified for the child and not for each other, they were competent witnesses and the motion to exclude was properly overruled. There was no specific objection to that portion of the mother's evidence complained of, and the only specific objection to the father's evidence was sustained. It is true that the court did not tell the jury not to consider that evidence, but we doubt not that the jury understood the effect of the ruling, but whether so or not, the failure to exclude was not prejudicial error in view of the positive and direct evidence as to the extent of appellee's injuries and suffering.

The further point is made that the instruction did not properly submit the question of proximate cause. After setting out the duties of the driver, the court said: "And if you believe from the evidence that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such failure, if any there was upon his part, his truck was caused to come into collision with the plaintiff, Sarah Elizabeth Reeves, and the plaintiff was thereby injured, then the law is for plaintiff, Sarah Elizabeth Reeves, and you should so find." Manifestly, if the driver's negligence caused the truck to collide with appellee, and appellee was thereby injured, his negligence was the proximate cause of her injuries and the issue was submitted as clearly as if the words "proximate cause" had been used in the instruction.

The further point is made that the damages are excessive and that the court erred in submitting the question of permanent injury. The evidence shows that both bones of the child's arm were fractured, and that her hand, which was badly crushed, was three-fourths the size of an ordinary hand. It was necessary to split her

hand and insert tubes in order to relieve the pressure. She suffered a great deal and it was necessary to give her an anaesthetic every time the dressings were changed. There is a scar in the palm of her hand from the wrist down to the fingers. It is true that one of the physicians said she made a "splendid recovery" in view of the character of her injuries, but it is apparent from his testimony, as well as that of the other physician, that the injured hand does not function as well as the other hand. It follows that the court did not err in submitting the question of permanent injury, and equally clear that the damages are not so excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.