## George G. Fetter Company v. Daniel Coggeshall, Jr., By, etc.

(Decided May 5, 1925.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, Second Division).

Municipal Corporations—Instruction Held Not Prejudicial as Not Requiring Chauffeur's Negligence should have been Direct and Proximate Cause of Injury—"Thereby."—Instruction that if chauffeur failed to perform duties named and "thereby caused" his machine to collide with plaintiff and plaintiff was "thereby" injured, the law was for plaintiff, held not prejudicial for failure to require finding that chauffeur's lack of care was direct and proxi-

mate cause of plaintiff's injury, "thereby" meaning by that or by that means, or, as used in instruction, meaning wholly and entirely by.

JOHN P. HASWELL, JR., for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

George G. Fetter Company appeals from a judgment of $750.00 against it for personal injury to appellee, Coggeshall, Jr. Its only insistence in brief of counsel is that the instructions were erroneous in not requiring the jury to believe from the evidence, before finding for the plaintiff, that the failure of the defendant to exercise due care was the direct and proximate cause of plaintiff's injury. It cites in support of its contention the case of Ware v. Saufley, 194 Ky. 53.

The court in its instructions told the jury the several duties required of the chauffeur when driving a truck at the intersection of streets in the city of Louisville, and then instructed the jury that if it believed from the evidence that the chauffeur failed to perform the duties named , or any one or more of them, and "thereby caused his machine to come in collision with the plaintiff, Coggeshall, and the said Coggeshall was injured thereby, the law is for the plaintiff."

It is insisted by appellant that the expressions "thereby caused" and "was injured thereby" are not equivalent to the expressions "proximate cause" or "directly caused," commonly used in instructions of this kind. On the other hand, it is insisted by appellee that an instruction telling the jury that if the chauffeur of appellant's truck failed to perform certain duties, all specified in the instructions, or any one or more of them and *thereby caused* the machine to come in collision with the plaintiff, and the plaintiff was *thereby injured*, to find for the plaintiff, is sufficient to require the jury to believe that the negligence of the chauffeur was the *direct* and proximate *cause* of the accident and injury to plaintiff. The word "thereby," as defined in Webster's Unabridged Dictionary, means "by that" or "by that means." If the accident is caused by a given means, it is thereby caused. Is not the means which *thereby caused* an accident the same as the proximate cause? If

the negligence of the appellant was the proximate cause of the injury then it is liable, and it would appear that if the appellant was negligent and the injury was *thereby caused,* or caused thereby, it would likewise be liable, for the expression "thereby" as employed in the instructions means "wholly and entirely by" the negligence of appellant. It must, therefore, be not only the proximate but the direct cause of the injury.

In the recent case of United Casket Company v. Reeves, 206 Ky. 581, we said:

"The further point is made that the instruction did not properly submit the question of proximate cause. After setting out the duties of the driver, the court said: 'And if you believe from the evidence that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such failure, if any there was upon his part, his truck was caused to come into collision with the plaintiff, Sarah Elizabeth Reeves, and the plaintiff was thereby injured, then the law is for the plaintiff, Sarah Elizabeth Reeves, and you will so find.' Manifestly, if the driver's negligence caused the truck to collide with appellee, and appellee was thereby injured, his negligence was the proximate cause of her injuries and the issue was submitted as clearly as if the words 'proximate cause' had been used in the instruction."

See also Evans v. Klusmeyer (Mo.), 256 S. W. 1036.

We are persuaded that the criticised instruction presented the law of the case and that the substantial rights of appellant were not prejudiced by the words employed, for which reason the judgment is affirmed.

Judgment affirmed.