## Hart Dry Cleaning Company v. Grizzel.

(Decided February 4, 1927.)

### Appeal from Campbell Circuit Court.

1. New Trial—Newly Discovered Evidence, Tending Only to Contradict or Impeach Witness, does Not Authorize New Trial.—Newly discovered evidence that witness' reputation for truth and veracity was bad, and that on new trial defendant could produce witnesses to testify to that effect, which evidence tended only to contradict or impeach witness, did not authorize new trial.

2. New Trial—New Trial will Not be Granted on Account of Newly Discovered Evidence, Unless Affidavits of Newly Discovered Witnesses are Filed.—New trial will not be granted on account of newly dscovered evidence, unless affidavits of newly discovered witnesses containing evidence they will give on another trial are filed with motion for new trial.

3. Appeal and Error—Appellate Court will Assume that Argument in Reply to Remarks of Opposing Counsel, Not Shown in Record, were Not Prejudicial, where Court Declined to Rule that Remarks were Objectionable.—Appellate court will assume that argument of counsel for successful party, technically erroneous, which was made in response to remarks of opposing counsel, not shown in bill of exceptions, was not prejudicial, where trial court declined to rule that remarks complained of were objectionable.

4. Municipal Corporations—Truck Driver Observing Pedestrian Crossing Street was Required to Give Warning (Ky. Stats., Section 2739g-28).—Where truck driver stopped truck, and pedestrian hesitated, and returned to curb, and driver again started truck, and pedestrian turned and stepped in front of it, when crossing street, it was driver's duty as a matter of law to give warning of his approach, in view of Ky. Stats., section 2739g-28.

5. Municipal Corporations—Contributory Negligence of Pedestrian Struck by Truck while Crossing Street at Night Held for Jury.— In action for personal injuries caused by truck's striking pedestrian crossing street where there was evidence that it was dark, and that truck bore no lights, and was traveling at rapid rate of speed, contributory negligence of pedestrian held for jury.

JOHN E. SHEPARD for appellant.

WM. A. BURKAMP and O'REAR, FOWLER & WALLACE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee was struck and injured by an automobile truck owned by appellant company, and he instituted this action and obtained a judgment for $4,500.00, and from that judgment the company appeals.

The accident occurred after dark on October 23, 1923, at the intersection of 10th street and Washington avenue in the city of Newport. Appellee's injuries were serious and permanent and the verdict is not claimed to be excessive.

As grounds for reversal appellant relies on the refusal of the court to grant him a new trial because of newly discovered evidence, improper argument of plaintiff's counsel, erroneous instructions and contributory negligence of appellee that authorized a peremptory instruction.

Appellee testified that before crossing 10th street he looked east and then west along the street and saw no vehicle approaching from either direction. When he reached the center of the street he again looked to the

east and saw appellant's automobile, without lights, approaching about ten feet distant. Before he was able to get out of the way of the automobile he was struck and knocked down.

The only eye-witness that testified, other than appellee and the driver of appellant's automobile, was William Vail, who testified that he was walking west along the north side of 10th street, facing the direction from which the truck came and fifteen feet from the street intersection; that when he first saw the truck it was running rapidly, without lights, and that no horn was sounded or other signal given; that after the appellee had been knocked down the driver and another man picked him up, but he didn't know who the driver and the other man were.

After the trial appellant filed the affidavit of its attorney, in which it was stated it had been discovered that the man who went to the assistance of appellee was Percy Vail, the brother of William Vail, and that Percy Vail did not see William Vail at the place he claimed to be. The appellee filed the affidavit of Percy Vail, in which he stated he did not witness the collision but that he saw the truck immediately before it occurred and that it was running without lights and traveling at a rapid rate of speed; that he heard the grinding of brakes and, sensing an accident, went to lend his assistance; that it was dark and he did not see or recognize his brother, who claimed to be on the sidewalk at the time. The affidavit of the president of appellant company was also filed, in which he stated that he did not know the witness, William Vail, but after the trial had discovered that his reputation for truth and veracity was bad, and on a new trial the company would be able to produce witnesses who would testify to that effect. No affidavits of such alleged witnesses were filed. The only effect the alleged newly discovered evidence could have would be to contradict and impeach the witness, William Vail.

It is a well settled rule that newly discovered evidence which tends only to contradict or impeach a witness does not authorize a new trial. Illinois Central Railroad Company v. Finch's Administrator, 178 Ky. 229, 198 S. W. 734. Nor will a new trial be granted on account of newly discovered evidence unless the affidavits of the newly discovered witnesses, containing the evidence they

will give upon another trial, are filed with the motion for a new trial. Quarles v. Denning, 173 Ky. 792, 191 S. W. 493.

The argument of appellee's counsel complained of as being improper was as follows:

> "Counsel for defendant has attacked the witness Vail. I want to say to you that I cannot understand why defendant's counsel has seen fit to attack this man unless it is simply because he has testified to facts that are against Mr. Shepard's client. I want to say to you that I have known the Vails for a long time; they are good people; they have lived in this community for a long time and I never heard anything said against them, and Mr. Shepard cannot attack this man simply because he has testified against him."

In making these remarks the attorney went outside the record and they are technically erroneous. The language used, however, indicates that the remarks were made in response to remarks that had been made by counsel for the appellant. The bill of exceptions does not show what these remarks of the attorney for the appellant were, but as the trial judge, who heard both of the arguments, declined to rule that the remarks complained of were objectionable, we must assume they were not prejudicial when considered in connection with the argument to which they were a reply. Evans Chemical Works v. Ball, 159 Ky. 399, 167 S. W. 390.

The instruction of which appellant complains included as one of the duties of the driver of the car "to give notice of his presence by customary and timely signals." Under section 2739g-28, Kentucky Statutes, it is ordinarily a question for the jury whether it was the duty of the person operating the machine, under the circumstances, to give notice of his presence by customary signals; but in this case the driver admits that he saw appellee crossing the street in front of him. He claims that he stopped the truck and that appellee hesitated and returned toward the curb on the north side of 10th street; that he (the driver) again started his car and the appellee turned and stepped in front of it. Under these circumstances it was the duty of the driver, as a matter of law, to give warning of his approach. United Casket Company v. Reeves, 206 Ky. 581, 267 S. W. 1108.

Appellant finally insists that appellee was guilty of contributory negligence, as a matter of law, in not seeing the truck, but as there was evidence that it was dark and that the machine bore no lights and was traveling at a rapid rate of speed, there is no merit in this contention.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.