164 So. 97

LEHIGH PORTLAND CEMENT CO. v. DONALDSON.

6 Div. 783.

Supreme Court of Alabama.

Oct. 17, 1935.

Rehearing Denied Nov. 29, 1935.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

John W. Altman and Frank L. Parsons, both of Birmingham, for appellee.

FOSTER, Justice.

This is an action at law for the recovery of damages claimed for negligence in blasting limestone by defendant on its own property, thereby injuring the adjoining property of plaintiff's intestate, and also his person.

■ The first assignment of error relates to the giving of charge No. 7 for the plaintiff. The objection urged is that it uses the words "through the negligent use of dynamite," as though "through" were equivalent to "proximate cause." It is observed that the charge is first predicated on the assumption that the jury should find for plaintiff. That apparently means on the basis of the instruction which the court had given, but it then adds in the conjunctive that the jury shall be reasonably satisfied that plaintiff's intestate "was through the negligent use of dynamite" without completing the clause. It is apparent that the subject-matter of the charge went to an item of damage in event the jury should find for plaintiff on the principles whose correct application is not here questioned. Moreover, the use of the word "through" as a substitute for "proximate cause," in a given charge, is not, in our judgment, the statement of an erroneous principle. We would not say that a refusal of such a charge would be reversible error, but neither is giving it harmful and reversible in our judgment. Fetter Co. v. Coggeshall, 208 Ky. 721, 271 S. W. 1074; United States Casket Co. v. Reeves, 206 Ky. 581, 267 S. W. 1108; Houston, etc., R. Co. v. Anglin, 45 Tex. Civ. App. 41, 99 S. W. 897; Benedict v. Union Agricultural Soc., 74 Vt. 91, 52 A. 110.

No authorities have been cited which we think assert a different holding.

■ The second assignment is based on given charge No. 4. The same and other contentions are made as those asserted in respect to charge No. 7, supra. As to that contention, the same discussion is applicable, though the words are not identical. The charge is also said to be erroneous to reversal because it uses the words "on or about July 15, 1932," and thereby takes into consideration matter which may have occurred before that date.

Other given charges and the evidence all indicated a purpose not to go behind July 15, 1932, which was one year before the suit was begun. We do not think the words "or about" misled them into a different understanding of the question to be decided. The charge relates to recoverable damages for permanent injuries to the freehold. It is urged that it is erroneous, because it does not declare that the difference in value must have been caused by the conduct alleged in the complaint, rather than something else, and because the dif-

ference in value relates to a period of extended time, to wit, one year, whereas the rule is that it is the difference immediately before and immediately after the acts of which complaint is made.

In respect to the first contention, we observe that the most usual statement of the rule does not in language limit the depreciation in value to the causes described. Gosdin v. Williams, 151 Ala. 592, 44 So. 611; Brinkmeyer v. Bethea, 139 Ala. 376, 35 So. 996; Craft v. Craft, 209 Ala. 226, 95 So. 901; Fuller v. Fair, 202 Ala. 430, 80 So. 814; Southern R. Co. v. Cleveland, 169 Ala. 22, 53 So. 767; Buck v. Louisville & N. R. Co., 159 Ala. 305, 48 So. 699; Atlanta & B. A. L. Ry. v. Brown, 158 Ala. 607, 48 So. 73.

■ But, as pointed out in some of those cases, and obviously, it should be so limited, when a failure to do so is proper to an understanding of the question. But we think that the omission thus to limit the instruction should be treated as one having but a misleading tendency. The court in his oral charge and in some given for defendant made it clear that it was only for such damages as were proximately caused by defendant's negligence that plaintiff could recover. We think that the giving of this charge in connection with others did not mislead the jury in that respect, assuming that there was some evidence tending to support a theory that other causes might have contributed also.

■ There was evidence that the blasting which caused the damage occurred two or three times every day, each having some effect, and all together causing the permanent injuries described. While each negligent blasting operation may be occasion for a separate action (Louisville & N. R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872), they may all be united in one suit (as we will later show), in which the damage for one year next preceding may be recovered as in this action. The separate acts were of such frequency and so related as to constitute one primary transaction. They are here shown to be such that each extends its effect upon plaintiff's rights into the others, and all together create the whole of the damage. It would be very difficult and impracticable to separate each blast in fixing the damage caused by it. Taking that view, we cannot say it is improper to say that the damage is one item, consisting of the difference in the value of the property on July 15, 1932, and July 15,

1933, the date suit was begun, and occasioned by defendant's alleged course of conduct. Moreover, several of defendant's special charges given by the court are so expressed in recognition of that theory, as we take it.

■ Appellant also insists upon its third assignment of error, which was a refused charge there copied, but not numbered. It seeks to eliminate any pain and suffering of plaintiff, who sues as administratrix of her husband. The complaint only claimed damages for her husband's pain, etc., not her own; the court charged the jury only as to his pain, etc., and her testimony on page 42 of the transcript, that she was not suing for her own injuries, all make this matter clear to the jury, though she did testify to being shaken up herself. But she was the wife of the intestate at the time, and her testimony indicated that it went to the effect of defendant's conduct upon the property of her intestate rather than any claim of damage to herself. Under such circumstances, a refusal of the charge was not reversible error. Newton v. Altman, 227 Ala. 465, 150 So. 698.

The fourth assignment is the giving of charge No. 3 for plaintiff. We think this is controlled by our discussion of assignment No. 2.

■ Assignment No. 5. While this charge may be abstractly correct, it only states a legal status, without a statement of its effect on the findings of the jury, if any. Johnson v. Louisville & N. R. R. Co., 220 Ala. 649, 127 So. 216; Ridgely Operating Co. v. White, 227 Ala. 459 (19), 150 So. 693.

■ The court orally and in special charges stated clearly to the jury the nature of plaintiff's cause of action, that negligence in the blasting, as alleged in the complaint, was necessary. Bessemer C. I. & L. Co. v. Doak, 152 Ala. 166 (11), 44 So. 627, 12 L. R. A. (N. S.) 389; Birmingham Ore & Mining Co. v. Grover, 159 Ala. 276, 48 So. 682. This was true, since the complaint did not charge that stone and débris were cast upon his premises, but alleged that the work was negligently done.

Assignment No. 6. The particular objection here urged to count A is that it unites in one count a series of separate causes of action. The substance of the complaint in that respect is that at intervals during the twelve months next preceding the filing of the suit, defendant was engaged in blasting operations on its own premises, which it so negligently conducted as to cause the damage set out, and by amendment added that the specific dates cannot be accurately stated, but that the recurring intervals continued during said twelve months.

■ Of course two distinct torts cannot be united in the same count. The test of whether more than one is stated is whether there is more than one primary right or subject of controversy (1 Corpus Juris 1055, § 190), though it may be evidenced by a series of acts or a continuous course of conduct over a period of more than a single day. Carl v. State, 125 Ala. 89 (10), 28 So. 505; Warrick v. State, 8 Ala. App. 391, 62 So. 342; Dillehay v. State, 18 Ala. App. 271 (4), 90 So. 332.

■ The complaint, we think, shows that the one subject of controversy is the continued series of blastings negligently conducted in accordance with a single sustained method pursued in executing one general scheme, and is therefore a single cause of action in tort, though it consists of more than a single act, similar in some respects to a count declaring on a series of notes which arise out of the same transaction. Morrow v. Shuff, 219 Ala. 395, 122 So. 635. It is not therefore subject to the objection made in that respect.

We do not think there is reversible error apparent in any of the assignments.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.