## W. M. Abbott Transfer Co. et al. v. Kruse.

(Decided March 8, 1938.)

480

HUFFAKER, HOGAN & BERRY for appellant Abbott Transfer Co.

ROBERT F. VAUGHAN for appellant Grand Union Tea Co.

WOODWARD, DAWSON & HOBSON and S. J. STALLINGS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Henry Kruse, recovered a joint judgment for $15,000 against the appellants Grand Union Tea Company and W. M. Abbott, trading as W. M. Abbott Transfer Company, for injuries received by him in an automobile accident which occurred February 8, 1936, at the intersection of Wenzel and Fehr avenues in Louisville, Ky. There is little dispute as to how the accident happened, and it is conceded on all sides that appellee was not guilty of negligence. He was engaged in the business of peddling vegetables and fresh fruits, and at the time of the accident was driving a horse-drawn vehicle north on Wenzel avenue and on the right side of the street. The wagon on which he was riding had passed to the north of the center line of Fehr avenue. Wenzel avenue runs north and south, and Fehr avenue runs east and west. The appellant Abbott's truck was being driven east on Fehr avenue, and the appellant Grand Union Tea Company's truck was being driven north on Wenzel avenue. The driver of the tea company's truck attempted to pass appellee's wagon, and, in doing so, turned the truck to the left of the center of Wenzel avenue. The Abbott truck, traveling from west to east on Fehr avenue, struck the tea company's truck on the left side causing it to veer to the right and strike the wagon driven by Kruse at a point several feet north of the intersection. Kruse was knocked from the wagon, and was picked up in an unconscious condition near the east curb of Wenzel avenue and about 12 feet north of the north curb line of Fehr avenue. He received serious and permanent injuries. His right leg was fractured in three places, his left leg in two places, his pelvis on both sides, his back was in-

jured, his head and face were lacerated, and he had a severe concussion. He also suffered pneumonia and erysipelas as a result of his injuries. He was in a hospital six months, and his medical and hospital bills amounted to almost $3,000.

The trial developed into a contest between the two defendants, who are the appellants here. Although each of them had pleaded contributory negligence, it was necessarily conceded that the plaintiff was without fault, and that his injuries resulted from negligence on the part of one or both of the defendants. Each of the truck owners claimed that the failure of the other's driver to observe one or more of the duties imposed upon him by law was solely responsible for the accident. The complaints of both appellants on this appeal relate to the instructions alone. The appellant Grand Union Tea Company offered no instructions, and both the appellant Abbott and the appellee offered instructions which were refused. The court on its own motion gave these instructions:

"1. You will find for the plaintiff against either one, or both of the defendants, under the succeeding instructions.

"2. It was the duty of Williams, driving the Abbott truck, and of Potts, driving the Tea Company's truck, to each exercise that degree of care that is usually exercised by ordinarily careful and prudent persons under the same, or similar circumstances, and that duty included the duties, encumbent upon each:

"A. Of operating his truck at such a rate of speed as you may believe from the evidence was reasonable and proper, having regard for the condition and the use of the streets at the time of the accident;

"B. Of having his vehicle under reasonable control;

"C. Of keeping a lookout ahead for other vehicles in the street, or which might be in danger from the movement of his car.

"D. Of giving, if you believe from the evidence that it was necessary, reasonable and timely warning of the movement of his car by the usual and cus-

tomary signals, but not to give such signal unnecessarily.

"Potts, driving the Tea Company's vehicle northward on Wenzel Street and approaching on the right of Williams, driving eastwardly on Fehr Avenue, had the right of way through the intersection, and it was the duty of Williams to yield it to him, unless you believe from the evidence that Williams was closer to the point of intersection of the paths of the two automobiles, in which event, Williams had the right of way and it was the duty of Potts to yield it to him.

"If you believe from the evidence that Williams, driving the Abbott car, had the right of way under the preceding paragraph through the intersection, then it was the duty of Potts, driving the Tea Company's vehicle, to drive on his right of the center of Wenzel Street in passing through the intersection, and not to pass to the left of the center of the intersection.

"3. If you believe from the evidence that Williams, driving the Abbott car, failed to observe any one or more of the duties enumerated in the second instruction, and that by such failure he caused the collision between his vehicle and the Tea Company's truck, and that Kruse was thereby injured, then you should find for the plaintiff, Kruse, against Abbott.

"Unless you so believe from the evidence you should find for Abbott.

"4. If you believe from the evidence that Potts, driving the Tea Company's vehicle, failed to observe any one or more of the duties enumerated in the second instruction, as encumbent upon him, and that by such failure he caused the collision between his vehicle and the Abbott truck, and that Kruse was thereby injured, then you should find for the plaintiff, Kruse, against the Tea Company. Unless you so believe from the evidence, you should find for the Tea Company.

"5. If you believe from the evidence that Williams, driving the Abbott truck, failed in some one or more of his duties, as mentioned in the second instruction, and that Potts, driving the Tea Com-

pany truck, also failed in some one or more of his duties, and that the failure of the one concurred with the failure of the other to produce the collision between the two vehicles, when otherwise it would not have occurred but for the failure of both drivers, then you should find for Kruse against both defendants.

"6. You may find for plaintiff against either, or both of the defendants. If you find for him against both defendants you may find for him in separate sums of different amounts against each, or you may find for him against both jointly in a single sum. You may find for the plaintiff against either defendant and in favor of either defendant, but not both as against the plaintiff."

The remainder of instruction No. 6 defines the measure of damages, and is not criticized. Appellant Abbott requested the court to instruct the jury that it was the duty of Potts, the driver of the tea company's truck, "not to attempt to pass the wagon in front of him at an intersection of the street." It is claimed that this instruction was authorized by an ordinance of the city of Louisville which makes it unlawful for an operator of a vehicle or street car to pass another vehicle at any intersection except a turning vehicle or vehicle about to execute a turn. Both the tea company and the plaintiff objected to the giving of such an instruction, and the objection was sustained. Appellee argues that the ordinance relied upon by Abbott conflicts with and must yield to section 2739g-35 of the Kentucky Statutes which provides, in part, that the operator shall travel "upon the right side of such highway whenever possible, and unless the left side of such highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least one hundred and fifty feet ahead."

Be that as it may, the failure to give the instruction requested was not prejudicially erroneous under the facts of this case. In instruction No. 2 the court told the jury that if Williams, driver of the Abbott car, had the right of way through the intersection, then it was the duty of Potts to drive on his right of the center of Wenzel avenue in passing through the intersection, and not to the left of the center of the intersection. The appellant Abbott, therefore, had the benefit of an instruc-

tion such as he offered, if his driver had the right of way at the intersection. If he did not have the right of way, he could not be excused by the failure of the driver of the tea company truck to keep to the right of the center of Wenzel avenue.

Appellant Abbott complains because the court failed to qualify the instruction on ordinary care by adding, "under circumstances as proven in this case." The instruction told the jury that it was the duty of the driver of each of the trucks to exercise that degree of care that is usually exercised by ordinarily careful and prudent persons under the same or similar circumstances. This clearly meant under circumstances similar to those in this case, and could not have been misunderstood by the jury.

Appellant Abbott also complains because the court failed to instruct under section 2739g-35 of the Kentucky Statutes as to the duty of the driver to operate his automobile on the right side of the street unless he has clear vision ahead for a distance of 150 feet. The proof showed that there was no vehicle on Wenzel avenue north of Fehr avenue for a distance of more than 150 feet, and the fact that the Abbott truck was approaching the intersection from the west on Fehr avenue did not render such an instruction necessary. The right of way instruction defining the rights of the respective trucks at the intersection was the only instruction necessary in this respect.

The appellant Abbott finally insists that the court erred in not instructing the jury to find for him if they believed from the evidence the accident was caused solely by the negligence of the driver of the Grand Union Tea Company's truck. This theory of the case was, in effect, incorporated in instructions 3 and 4. Before the jury could find against Abbott, they were required by instruction 3 to believe that his driver failed to observe one or more of the duties enumerated in the second instruction, and that by such failure he caused the collision between his vehicle and the tea company's truck.

The appellant Grand Union Tea Company insists that the court erred in its instructions with respect to the speed of the tea company truck in failing to furnish a standard from which the reasonableness of the speed of the truck could be determined. Section 2739g-35 of the Kentucky Statutes is cited, and it is argued that the

standard fixed by this statute should have been incorporated in the instruction. That statute provides that no operator of a vehicle shall drive at a greater speed than is reasonable or proper, having regard for the traffic and the use of the highway. It further provides that where the highway passes through a closely built-up portion of any city or town, if the rate of speed of passing automobiles thereon exceeds fifteen miles per hour it shall be prima facie evidence of unreasonable and improper driving. For trucks of the capacity of one ton or less, if the rate of speed exceeds ten miles per hour, it shall be prima facie evidence of unreasonable and improper driving. The instruction on speed given by the court was far more favorable to the appellant than one qualified by telling the jury that if the rate of speed of the truck exceeded a certain number of miles per hour it was prima facie evidence of unreasonable and improper driving.

Both of the appellants complain because the court failed to define "negligence." The word "negligence" was not used in the instructions, but the duties of the respective drivers were set out in the instructions, and the jury was told that if they failed to observe one or more of such duties and by such failure caused the collision, and that thereby Kruse was injured, they should find for the plaintiff.

The negligence, if any, of the drivers of the trucks, was the breach of one or more of the statutory duties enumerated in instruction No. 2. It is not necessary to use or abstractly define the term "negligence" where the court, as it did here, carefully instructs as to the facts from which the jury may determine the existence or absence of negligence. Sufficient facts to constitute negligence were stated in the instructions and were required to be found before a verdict could be returned against the defendants. Generally, in a case of this kind, the instructions state that negligence is the failure to use ordinary care, and "ordinary care" is defined as "that degree of care that is usually exercised by persons of ordinary prudence under the same or similar circumstances." The terms "negligence" and "ordinary care" are not specifically defined in the instructions in the present case, but the correct definitions are clearly to be inferred from the language used. The instructions affirmatively stated the duties imposed by

law upon the drivers of the trucks, and told the jury that it was the duty of each of them to exercise that degree of care that is usually exercised by ordinarily careful and prudent persons under the same or similar circumstances, and that if the driver failed to observe one or more of the duties enumerated therein, thereby causing the accident, they should find for the plaintiff. The instructions, in effect, defined the terms "negligence" and "ordinary care," and required the jury to believe that the drivers of appellants' trucks had failed to exercise ordinary care and to observe one or more of the duties imposed upon them by law, which, of itself, constituted negligence. We would have scant respect for the intelligence of the jury if we did not assume that they so understood the instructions.

Appellants also complain because the court failed to give an instruction as to the proximate cause of the accident. A similar contention was made in United Casket Company v. Reeves, 206 Ky. 581, 267 S. W. 1108, 1109, and the court said:

"The further point is made that the instruction did not properly submit the question of proximate cause. After setting out the duties of the driver, the court said:

" 'And if you believe from the evidence that he failed to perform any one or more of the duties required of him by this instruction, and by reason of such failure, if any there was upon his part, his truck was caused to come into collision with the plaintiff, Sarah Elizabeth Reeves, and the plaintiff was thereby injured, then the law is for plaintiff, Sarah Elizabeth Reeves, and you should so find.'

"Manifestly, if the driver's negligence caused the truck to collide with appellee, and appellee was thereby injured, his negligence was the proximate cause of her injuries, and the issue was submitted as clearly as if the words 'proximate cause' had been used in the instruction."

See, also, G. G. Fetter Company v. Coggeshall, Jr., 208 Ky. 721, 271 S. W. 1074.

Few instructions are letter-perfect and rarely are they free from technical errors, but a judgment will not be reversed on account of defective instructions unless the errors are prejudicial. A careful reading of the instructions in the present case convinces us that, under

the circumstances, they clearly presented the issues in the case, and no defect has been pointed out which would tend to confuse or mislead the jury. There was abundant evidence from which the jury could reasonably infer that both drivers failed to observe one or more of the duties imposed upon them, and that the accident resulted from their concurring negligence. The instructions were evidently prepared with great care, and were so worded as to be easily and readily applied by the jury to the facts of the case.

The judgment is affirmed.