200 So. 630

**BROWN v. STATE.**

**1 Div. 380.**

Court of Appeals of Alabama.

Jan. 21, 1941.

Rehearing Denied Feb. 4, 1941.

---

[1] Post, p. 48.

George A. Sossaman, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The appeal here is from a judgment of conviction for the offense of grand larceny pronounced and entered against the appellant in the lower court at the May term, 1940, of said court.

The indictment in this case was in words and figures as follows: "The Grand Jury of said County charge, that, before the finding of this indictment James Brown, whose name is to the Grand Jury otherwise unknown, feloniously took and carried away five thousand, seven hundred (5,700) brick, of the value of one and three-tenths cents ($.013) each, the personal property of Underwood Coal and Supply Company, a corporation, against the peace and dignity of the State of Alabama."

The record discloses, before entering upon the trial, in this case, and in answer to said indictment, the defendant interposed a plea of former jeopardy alleging therein:

"1. Comes the defendant and for plea says:—He ought not to be required to answer this indictment and the State ought not to prosecute the same against him because at a regular session of the Circuit Court of Mobile County, Alabama, on to-wit the 1st day of November, 1939, he was charged and put upon trial under an indictment which is in words and figures as follows:—

" 'The grand jury of said County charge that before the finding of this indictment, James Brown, whose name is to the grand jury otherwise unknown, while acting as the officer, agent or clerk of Underwood Coal and Supply Company, a Corporation, did embezzle or fraudulently convert to his own use or to the use of another or did fraudulently secrete with intent to convert to his own use, or the use of another, 5,700 bricks of a value of $1.30, per 100, which said bricks came into his possession by virtue of his said office, agency or employment, against the peace and dignity of the State of Alabama.'

"After trial, hearing, and consideration as to said offense, the State entered a nolle prosequi and defendant was discharged. And the defendant says that he is now charged in this indictment of this offense, which is based upon the same matter, and transactions as they have charged he was tried and acquitted as aforesaid in the first indictment. All of which the defendant is ready to verify and prays that he be discharged in the present indictment.

"2. Comes the defendant and for plea says:—He has once been in jeopardy of the offense of which he is now charged in this indictment; and that at a regular session of the Circuit Court of Mobile County, Alabama on the 1st day of November 1939, the defendant was in due form ar-

raigned and pleaded not guilty to said offense charged, which was in substance as follows:—

" 'The grand jury of said County charge that before the finding of this indictment, James Brown, whose name is to the Grand Jury otherwise unknown, while acting as the officer, agent, or clerk of Underwood Coal and Supply Company, a Corporation, did embezzle or fraudulently convert to his own use or to the use of another or did fraudulently secrete with intent to convert to his own use, or the use of another, 5,700 bricks of a value of $1.30 per 100, which said bricks came into his possession by virtue of his said office, agency or employment, against the peace and dignity of the State of Alabama.'

"The defendant was thus put upon trial for such offense and after he had pleaded to the same and thus was in jeopardy, that the State entered a nolle prosequi of said charge and he was discharged. All of which the defendant is ready to verify and he prays judgment of the court that he be discharged from the premises in the present indictment specified."

The foregoing plea was filed in open court on March 4, 1940. And from the record we ascertain that the case was passed for trial until May 14, 1940, on which day the defendant filed, in further answer to the indictment the following additional pleas, towit:

"Additional Pleas Filed May 14, 1940.

"1. Comes the defendant and for answer to the indictment says 'not guilty.'

"2. Comes the defendant and for answer to the indictment says that heretofore on to-wit the 1st day of November, 1939 he was put upon trial in the Circuit Court of Mobile County, Alabama on an indictment charging him with embezzling the same bricks described in the present indictment. That as a part of said crime of embezzlement and as a necessary ingredient to a conviction therefor, it was necessary that the State prove that defendant had had possession of said brick. That said issue was litigated in said trial, and said trial resulted in the defendant being discharged by the court upon motion of the State, after the jury had been empaneled, sworn, and the indictment read and pleaded to, and the case entered upon its trial and witnesses had been heard. Defendant avers that it is a material ingredient of the crime charged in the present indictment, that he had had possession of said brick and therefore de-

fendant says that this issue has already been adjudicated in his favor in the aforesaid case of embezzlement, and ought not now be again permitted to be inquired into in this cause. Wherefore, defendant pleads res judicata in this cause and prays that he be discharged from further answering same."

The order and judgment of the court, through which the court speaks, is as follows, as shown by the record:

"Tuesday May 14th, 1940.

"Grand Larceny.

"State's demurrer to defendant's pleas filed March 4th, 1940 and May 14th, 1940, sustained and defendant excepts.

"This day in open court came the State of Alabama by its Solicitor and the defendant in his own proper person and with his attorney and State's demurrer to defendant's pleas filed March 4th, 1940 and May 14th, 1940, coming on to be heard and being argued by counsel and understood by the court; It is ordered and adjudged by the court that State's said demurrer to defendant's pleas filed March 4th, 1940 and May 14th, 1940, be, and they are hereby sustained.

"And to which ruling of the court the defendant excepts."

The foregoing pleadings, and order and judgment of the court, present clearly and sufficiently the questions raised by defendant's pleas.

The question, concretely stated, is, can a defendant be twice placed in jeopardy upon a single act complained of, by first being indicted, and tried, for the offense of embezzlement, and afterwards be indicted, tried and convicted, upon an indictment which charged him with the offense of grand larceny based upon the identical and same act, upon which the former trial was had for the offense of embezzlement.

This question is not without difficulty. The innumerable decisions of the appellate courts of this, and other states, appear to be in conflict.

■■ As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would

necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second. Such has been the holding in innumerable decisions of the appellate courts of this State, some of which are hereby cited: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala.App. 593, 151 So. 616.

■ Here, the question is, could this appellant have been convicted under the first indictment, which charged him with the offense of embezzlement, upon the facts averred in the second indictment, if found to be true, which second indictment charged him with the offense of grand larceny? We think the question answers itself, and in accordance with, and upon authority of the above cited authorities, we hold there was no error in the action of the court in sustaining the State's demurrer to defendant's plea of former jeopardy.

Necessary, and essential to a conviction for the offense of embezzlement, it was incumbent upon the State to show, by the required measure of proof, that the accused at the time of the alleged commission of the specific act complained of committed said act while acting as the officer, agent or clerk of the alleged injured party. In this case, it is clearly apparent that upon the facts averred in the second indictment no conviction of the accused would have been warranted on his trial under the first indictment, there being a total absence of any averment in the second indictment as to a fiduciary relation between the defendant and the alleged injured party; there was no averment in the second indictment to the effect that the alleged commission of the wrongful act was committed by the defendant while acting as the officer, agent or clerk of the alleged injured party.

■ It is true, as has many times been held, that larceny and embezzlement belong to the same family of crime; or, in other words, are kindred offenses, and may be joined in separate counts in the same indictment. Especially is this permissible if the indictment is based upon the same act. But, as stated in the case of Gunter v. State, 111 Ala. 23, 26, 20 So. 632, 56 Am. St.Rep. 17, "It must not be overlooked, however, that the same individual may at the same time and in the same transaction commit two or more distinct criminal offenses, and an acquittal of one will not bar punishment for the other." 

■ While, as above stated, larceny and embezzlement belong to the same family of crime, and are kindred offenses, these two offenses are not identical in law, and in fact, therefore, an acquittal or conviction of the one is not a bar to a prosecution for the other. Blevins v. State, 20 Ala.App. 229, 232, 101 So. 478.

In the case at bar, it affirmatively appears that the defendant (appellant) was merely hired, or employed, by the alleged injured party to haul a large quantity of brick from the railroad cars on the side tracks of railroads in the City of Mobile to a certain designated apartment house in course of construction in said City. For said service (hauling), the defendant, appellant, was to receive the sum of 90¢ per thousand. In this connection, State witness Gaynor testified he was the vice president of the Underwood Coal & Supply Company, a corporation, which said company was designated in the indictment as the injured party. That "the defendant here was employed by us to deliver some forty odd cars of brick to Summerville Apartments from the cars. * * * He was not working for us on a salary. * * We could fire him at the end of any car load. * * * We had possession of those brick. They were billed to us, invoiced to us, and we paid the freight on them." This witness further testified he found about 5,-700 of brick, some of which he identified as the brick belonging to the alleged injured party, at the home of defendant, which had been carried to his house in relays over a period of time. He stated: "I cannot tell you just when and where he stole those brick. I do not know of my own knowledge. From his statement he stole them in relays." Further, he stated:

"As vice-president of that company, I had under my charge, control and direction the purchase of those brick and the delivering of them out there. The defendant had no authority or privilege or directions from that company to get those brick and put them at his house. The major part of them were concealed. Part of a lot was in the open which had just been unloaded an hour or two previous. The rest were covered up. Some old metal roofing and one thing or another to hide them from view. Some had just been hauled there, a matter of a

few days or a few weeks. A few days or surely within a few weeks before April 15, 1939."

■ The foregoing facts, and others of like import testified to upon the trial .of this case, do not tend to show that the defendant had such possession or control of the brick in question as that a fraudulent conversion or sale of them would constitute the offense of statutory· embezzlement, and not of larceny. ·He was employed to haul the brick from the cars and deliver them at a certain designated place, and for this purpose had access to the cars and brick, but had no other possession or control over them. The act complained of in this prose·cution, if committed by the accused, if it was done with a felonious intent, the offense was larceny. Washington v: State, 106 Ala. 58, 17 So. 546.

■ From what has been said, it is very ·evident that the defendant was not entitled to a directed verdict, hence there was no error in the action of the court in refusing to give defendant's special written charge, No. 1, which was the affirmative charge.

■ The court also refused to defend-ant his special written charge, No. 2, which is as follows: "2. The court charges the jury that if you believe the evidence in this case, you cannot convict the defendant of any greater crime than one case of petit larceny."

In support of the insistence that the refusal of the foregoing charge 2 was error, able counsel for appellant argues in brief as follows: "I next want to call the attention of the court to the refusal of the trial judge to charge the jury that at most the defendant could be convicted of only one ·case of petit larceny. It will be noted that the indictment is in one count and charges the theft of 5,700 brick of the value of three (3) cents each. It will be further noted that Underwood had a contract for the hauling of these brick which contract ·could be terminated at the end of any car-load. It will be further noted that all state ·witnesses testified that all the 5,700 brick ·did not appear to have been hauled to de-fendant's residence at one time, and they never distinguished how many got there on each transaction. Gaynor testified that he could not tell when or where any one brick was stolen, 'he stole them in relays'. The state also failed to identify the common brick at defendant's residence and never ·stated how many peculiarly colored brick ·were there. Now all this sums up to the fact that the state did not prove defendant stole 5,700 brick, but only that he had 5,-700 brick in his possession of which some were the property of Underwood. The state must prove its case beyond all reasonable doubt. Therefore, it never proved that defendant possessed more ·brick of Underwood than would constitute petit larceny and it never proved that defendant stole, in one transaction, more brick than would constitute petit larceny. Therefore, even assuming the crime to be larceny and not embezzlement, the charge was a good charge and its refusal constituted great injury to defendant."

We are of the opinion that the charge in question was properly refused. A portion of the foregoing charge had references to certain questions of fact within the province of the jury to consider under the evidence adduced at the trial.

■ As to the legal proposition, to the effect it was not proven that the defendant possessed more brick than would constitute petit larceny, and it was never proved that defendant stole, in one transaction, more brick than would constitute petit larceny, etc., appellant cites no authority, but it is the law that several separate and distinct petit larcenies cannot be merged and consolidated to make grand larceny out of them. It is not within the power or jurisdiction of the court so to do. Brown v. State, 105 Ala. 117, 16 So. 929. But where the accused acting upon one preconceived purpose, and with the same intent by a continued series of acts, such intention was effected, it is immaterial that it may have required a number of days or weeks to accomplish the result, and such series of acts constitute but one offense. Carl v. State, 125 Ala. 89, 28 So. 505; Washington v. State, supra; Dillehay v. State, 18 Ala.App. 271, 90 So. 332, certiorari denied 206 Ala. 560, 90 So. 334. In this latter case the Supreme Court, through Mr. Justice Sayre, said, "The two charges refused to defendant * * * were misleading * * * for that they failed to take due cognizance of the hypothesis that defendant may have been guilty by one continued series of acts."

All other questions presented upon this appeal have had our careful and attentive consideration. It would serve no good purpose to discuss these points of decision in detail. After such consideration we are clear to the conclusion that, under Rule 45, and for other clearly apparent reasons, no error appears in any of the court's rulings

complained of in this connection which was calculated to probably injuriously affect the substantial rights of the defendant.

The motion for a new trial was properly overruled.

We are of the opinion the defendant was accorded a fair and impartial trial, and, as above stated, said trial was had throughout without erroneous or injurious effect. The evidence adduced upon the trial of this cause was practically without dispute and was ample to support the verdict of the jury and to also sustain the judgment of conviction pronounced and entered. No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.